**WALGREEN CO., Plaintiff,**

v.

**Angus H. TAYLOR, Harold H. Carpenter, Harry W. Carlsen, Ivan E. Peterson, John S. Harms, and Frank W. Moudry, Defendants.**

Civ. No. 2569.

United States District Court, D. Minnesota, Third Division.

Jan. 24, 1955.

Roy A. MacDonald, St. Paul, Minn., Harry H. Peterson, Minneapolis, Minn., for plaintiff.

Miles Lord, Atty. Gen., for Minnesota, William W. Essling, Sp. Asst. to Atty. Gen., for defendants.

DONOVAN, District Judge.

This is a diversity suit for a declaratory judgment, and comes before the Court on defendants' motion to dismiss. The complaint as amended alleges jurisdictional prerequisites and pleads a Minnesota statute and several regulations issued by the Minnesota State Board of Pharmacy, which is an administrative board created by said statute. The individual members of the Board are the above-named defendants, who have appeared by answer interposed by the Attorney General of Minnesota.

The Board of Pharmacy is created and its powers are defined and specified in Chapter 151, Minnesota Statutes Annotated.[1]

The complaint's prayer for relief seeks only to have said regulations declared unconstitutional in that they violate the Fourteenth Amendment to the Constitution of the United States, and incidentally prays for the issuance of a permanent injunction to restrain the enforcement of the regulations complained of.[2]

Conceding that the state statute which gives existence and power to the defendant Board is free from criticism, plaintiff nonetheless contends that said regulations issued by the Board offend the amendment to the federal Constitution providing for due process and equal protection of the laws.[3]

Defendants contend the regulations in question were issued by an administrative board, and as such are subject to review by the state courts and intervention by a federal court is unnecessary for protection of rights provided by the United States Constitution.[4]

I can see little, if any, distinction between an administrative order and an administrative regulation, and in my opinion this is the type of case where plaintiff should apply to the state courts of Minnesota for a definitive ruling before presenting its evidence to this Court. If the constitutionality of said Chapter 151 of the Minnesota statutes were involved, it would require a hearing by a three-judge court, but that is not the situation in the instant case.

The Court is confronted with regulations issued by an administrative body, and there has been no application to the Minnesota courts invoking their protective powers. It appears to me that adequate process, procedure and extraordinary remedies are available to plaintiff there, rather than initially seeking equitable relief in the United States District Court which at all times must be actuated by "scrupulous regard for the rightful independence of state governments."[5]

1. 11 Minnesota Statutes Annotated, §§ 151.02, 151.06.

2. Plaintiff specifies Regulations 14, 15, 18 and 19, as being constitutionally obnoxious.

3. Plaintiff relies on Liggett Co. v. Baldridge, 278 U.S. 105, 49 S.Ct. 57, 73 L.Ed. 204. In the Liggett Co. case a state statute violating the due process clause of the Fourteenth Amendment as applied to a foreign corporation owning stores under license of the state and seeking to extend its business, was declared unconstitutional. But here the attack is directed at regulations of the administrative board only, as distinguished from the creative and empowering statute. Plaintiff also cites: Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510; Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714; Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753; Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163, and other cases.

4. Defendants cite Alabama Public Service Commission v. Southern Ry. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002; Green v. Phillips Petroleum Co., 8 Cir., 119 F.2d 466.

5. Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 501, 61 S.Ct. 643, 85 L.Ed.

The Court is not unmindful that a substantial constitutional issue is presented by the complaint of the instant case. Before proceeding further herein, plaintiff should first exhaust its available remedies under Minnesota law and in the state courts. This Court will retain jurisdiction, however, pending proceedings to be brought with reasonable promptness in the appropriate state tribunal.

It is so ordered.

Plaintiff is allowed an exception.

971; Alabama Public Service Commission v. Southern Ry. Co., supra, 341 U.S. at page 349, 71 S.Ct. at page 768; Green v. Phillips Petroleum Co., supra.