**FEDERAL NATIONAL MORTGAGE ASSOCIATION, a corporation organized and existing pursuant to Title III of the National Housing Act, as amended, Plaintiff,**

v.

**TIESO & KOSTKA CORPORATION, a Minnesota corporation, Walter C. Kutscher, Sam Brown, Phelps-Drake Company, Incorporated, a Minnesota corporation, Paul E. Donahue, dba Donahue Engineering Company, St. Paul-Mercury Indemnity Company, a corporation, John Smoltz, Ilmer E. Seppi and Toivo M. Seppi, dba Virginia Cement Block Company and Seppi Brothers Concrete, W. F. Stepnitz, dba W. F. Stepnitz Agency, Morris H. Greenberg, as Receiver of the property and affairs of Tieso & Kostka Corporation, Defendants.**

Civ. Nos. 1620–1738.

United States District Court
D. Minnesota, Fifth Division.

Nov. 23, 1955.

R. B. Reavill (of Reavill, Jenswold, Neimeyer & Johnson), Duluth, Minn., for plaintiff.

David W. Nord (of Meagher, Geer, Markham & Anderson), Minneapolis, Minn., for defendant St. Paul-Mercury Indemnity Co.

John G. Bouthilet (of Bouthilet, Daubney & Swenson), St. Paul, Minn., for defendant Morris H. Greenberg, as Receiver.

DONOVAN, District Judge.

This matter comes before the Court on motion of the defendant St. Paul-Mer-cury Indemnity Company for (1) an order of judgment in its favor or (2) in the alternative an order of dismissal of the complaint without prejudice, and (3) in the event of denial of the two foregoing motions, then for an order staying all future proceedings until further order of the Court. The first two motions are denied and the third (requesting a stay) is granted, for the following reasons.

Plaintiff, by assignments, is the holder of several real estate mortgages. It commenced some 119 separate actions for their foreclosure in this Court. The question presented is one of (1) jurisdiction, or (2) the propriety of the exercise of the Court's jurisdiction, inasmuch as a receivership was commenced in District Court, Eleventh Judicial District for the State of Minnesota, on April 1, 1955, and these foreclosure actions were subsequently filed on July 20, 1955.[1] The actions are identical, in character. Reference to plaintiff's complaint in civil action No. 1620 will suffice to illustrate. Plaintiff seeks determination of the amount due it on the notes and mortgages; an adjudication that its lien is a prior one; an adjudication for the sale of the mortgaged premises; an adjudication of a personal deficiency judgment and appointment of a receiver to take possession of the mortgaged premises for preservation of assets.

Through the cooperation of counsel, both in argument and in brief, the issues have been simplified in that there apparently is no dispute as to the plaintiff's rights under the notes and mortgages, although the amount due plaintiff and the priority of its lien are not admitted, and as plaintiff states, the matter of appointment of a receiver in connection with foreclosure is not now before the Court.

Thus from the state of the pleadings at this stage of the proceedings, the is-

---

1. All of the real estate involved in the instant case came into possession of the receiver in State Court prior to the commencement of the foreclosure proceedings in Federal Court. The factual situation as disclosed therein necessitates a first resort to the receivership in the State District Court. See Walgreen Co. v. Taylor, D.C.Minn., 127 F.Supp. 657, 659, affirmed Walgreen Co. v. Donovan, 8 Cir., 227 F.2d 165.

sues for determination are the jurisdiction of this Court to determine the amount of the indebtedness, to determine the priority, if any, of a lien, and to foreclose the mortgage.

Counsel's disagreement in the instant case has to do with the interpretation of McKnight v. Brozich, 164 Minn. 90, 204 N.W. 917, 43 A.L.R. 1352, and Lubbock Hotel Co. v. Guaranty Bank & Trust Co., 5 Cir., 77 F.2d 152.

Defendants assert that this Court is without jurisdiction of the subject matter because the State Court has possession of the res (custodia legis),[2] or that the Federal Court should decline to proceed and adjudicate questions which can be adequately determined in a state court.[3]

Plaintiff, opposing the motion, argues that it is an agency of the United States and that the receivership is no bar to a foreclosure action,[4] and secondly that if the matter is discretionary with the Federal Court, the equities of the matter dictate in favor of the United States proceeding in the Federal forum.[5]

Plaintiff has placed great reliance on the Brozich decision, supra, 204 N.W. 917, which repudiated the rule that a real estate mortgage cannot be foreclosed pending a state receivership. Assuming that the rule in Minnesota may well be that a receivership is no bar to the foreclosure of a prior lien, the question which plaintiff must meet is how can the Federal forum be used to determine rights in rem over property of which the State has

control? In that connection, the opinion expressed in the Lubbock case, supra, 77 F.2d 152, relied on by both sides, is enlightening. At page 154 the Court in part said:

"The proposition advanced in support of the first point is the familiar one that: 'When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it.' * * * This principle, of especial force when it operates to prevent unseemly conflict between state and federal equity courts, Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Bryan v. Speakman, supra [5 Cir., 53 F.2d 463], does not prevent one entitled to invoke federal jurisdiction from resort to that court to establish there the amount of his debt, and the validity of his mortgage, and to obtain, but not to execute, a decree of foreclosure. [Citing cases.]"[6]

Inasmuch as the pleadings have put in issue the amount of indebtedness, federal jurisdiction may be invoked to establish the amount of the debt and the validity of the mortgage, and to obtain, *but not*

2. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871.

3. Com. of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841.

4. Citing McKnight v. Brozich, supra.

5. That the government was acting in its governmental capacity is undisputed. See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, as distinguished from instances when it enters the domain of commerce. The instant case, however, is not a question of defenses available against the government, but a question of jurisdiction, or the exercise of it.

6. "Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts." Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, at page 88, 43 S.Ct. 480, at page 484, 67 L.Ed. 871.

See also Wabash Railroad v. Adelbert College, 208 U.S. 38, 28 S.Ct. 182, 52 L.Ed. 379, and Kline v. Burke Construction Company, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077.

*to execute,* a decree of foreclosure.[7] While no doubt these issues may be resolved through the cooperation of counsel, they are now issues in dispute.

For the foregoing reasons, therefore, it is deemed in the best interests of orderly procedure [8] to deny the motions for judgment or for dismissal, and to grant the motion for a stay of proceedings.

---

7. Lubbock Hotel Co. **v.** Guaranty Bank & Trust Co., supra.

8. Com. of Pennsylvania **v.** Williams, supra; Walgreen Co. v. Taylor, supra.