# CHARLESTON

## LEWIS v. BLANKENSHIP.

Submitted February 5, 1915.   Decided February 16, 1915.

1. AFFIDAVITS—*Verification—Sufficiency—Office Judgment.*

    An affidavit filed with a declaration, pursuant to and in compliance with §46, ch. 125, Code, bearing the caption, ''State of West Virginia, Monroe County, towit, in the Circuit Court thereof— G. H. Lewis, plaintiff, vs. J. B. Blankenship, defendant''; signed, ''G. H. Lewis, Plaintiff''; and concluding with the words, ''Taken, sworn to and subscribed to before me this 14th day of September, 1912—C. H. Doss, Justice of the Peace, Sweet Springs District'', sufficiently shows the venue of the authentication thereof. (p. 599).

2. APPEAL AND ERROR—*Exception—Waiver.*

    Where, in assumpsit on an account, plaintiff has filed with his declaration the affidavit prescribed by §46, ch. 125, Code, he may, after the overruling of his objection to the filing of any plea unaccompanied by the counter affidavit by that section made an essential prerequisite therefor, and of his motion to strike such plea from the file, duly excepted to, join issue and proceed to trial thereon, without waiving the benefit of the exception saved to him upon the record. (p. 601).

Error to Circuit Court, Monroe County.

Action by G. H. Lewis against J. B. Blankenship. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*John L. Rowan* and *Sanders & Crockett,* for plaintiff in error.

*T. N. Read* and *Geo. W. Layman,* for defendant in error.

LYNCH, JUDGE:

With his declaration in assumpsit, based on an account, requiring 'an executed writ of enquiry before judgment, G. H. Lewis filed at rules the affidavit in form and effect as provided by §46, ch. 125, Code. Without filing a counter affidavit, likewise required by the same section, Blankenship tendered and the trial court over objection permitted him to

file the plea of the general issue, and overruled plaintiff's motion to strike the plea from the file; to which rulings plaintiff excepted, and the parties went to trial, resulting in a verdict and judgment for defendant. On plaintiff's motion, a new trial was awarded, and defendant excepted, and, upon filing the counter affidavit, re-entered the same plea. The cause is now here on writ of error to the order granting the new trial.

Was there any error in the ruling on such motion? The statute cited expressly provides that where, in an action for recovery of money arising out of contract, plaintiff has filed with his declaration an affidavit, in form and substance as therein prescribed, and an order is entered at rules for an enquiry of damages, "no plea shall be filed in the case, either at rules or in court, unless defendant shall file therewith the affidavit hereinbefore required to set aside an office judgment in which no order for an enquiry has been made." The language of the section, it will be observed, is imperative, and forbids the filing of any plea except upon compliance with its provisions, or unless, as held in some cases, such compliance is waived by plaintiff, the provision being for his benefit.

For defendant two objections are urged against plaintiff's affidavit: one that neither it nor the jurat discloses the venue or *locus* of the verification; one that by his participation in the trial, without specifically directing attention to defendant's failure to file the requisite counter affidavit, plaintiff waived strict compliance with the statutory provisions now relied on by him. The affidavit is as follows:

"State of West Virginia, Monroe County, towit:
            In the Circuit Court thereof.

G. H. Lewis, plaintiff,
        vs.      (      In Assumpsit.
J. B. Blankenship, defendant.

G. H. Lewis, the plaintiff named in the foregoing action, being duly sworn, says that there is, as he verily believes, due and unpaid from the said defendant to the said plaintiff, upon the demands stated in the declaration in said case, including principal and interest to this date, after deducting all payments, credits and sets-off made by the said defendant

and to which the said defendant is in any wise entitled, the sum of $2076.82.          G. H. LEWIS, Plaintiff.

Taken, sworn to and subscribed to before me this 14th day of September, 1912.  C. H. DOSS, Justice of the Peace, Sweet Springs District."

In form, the affidavit is the same as the one held sufficient in *Quesenbury* v. *Association*, 44 W. Va. 513, except that there the caption, "State of West Virginia, County of Summers", followed, while here the caption precedes, the style of the cause, and except the jurat shows the verification was taken in Summers county. The difference, however, we deem wholly immaterial. If the affidavit in any way indicates with reasonable certainty the jurisdiction of the officers, it is sufficient, though wanting that formality generally found in good pleading showing venue. *Kesler* v. *Lapham*, 46 W. Va. 293. "If made in good faith, and reasonably sufficient, an affidavit should be held good". 1 Enc. Pl. & Pr. 320.

When read as a whole, it may, with propriety, be said the affidavit, challenged by defendant, shows both the style of the action in which it was filed, and the county in which it was verified, and not, as defendant contends, only the style of the action. If the caption states the county, the presumption is that the officer signing the jurat was authorized to act and did act in the county so stated. 2 Am. & Eng. Enc. Law & Prac. 666; *Bensimer* v. *Fell*, 35 W. Va. 15, 31; *Dyer* v. *Flint*, 21 Ill. 80, 74 Am. Dec. 73; *In re Keller*, 36 Fed. 684.

In the Dyer case, an affidavit for an attachment was held sufficient, because on its face it appeared to have been made in the county where the suit was brought, although the jurat was signed by a person as notary public without stating for what county he acted. And in the Keller case, the caption was, "State of Wisconsin, Municipal Court, City and County of Milwaukee"; the verification was by "Julius Meizelwich, Clerk of Municipal Court"; and the affidavit was held sufficient. The venue of an affidavit to prove service of a notice is sufficiently shown where it is endorsed on the back of the notice, which is properly entitled. *Persinger* v. *Jubb*, 52 Mich. 304. And *Irwin* v. *Brownell*, 11 Ill. 402, and *Graham* v. *Anderson*, 42 Ill. 514, hold that "if the affidavit be taken within the county where the court is sitting judicial notice

will be taken of the fact that the officer taking it is a justice of that county''. 17 Am. & Eng. Enc. Law (2d Ed.) 913. See *Carpenter* v. *Dexter*, 8 Wall. 513.

The affidavit being, in our opinion, sufficient in form and substance, did plaintiff, by joining in the trial on the plea filed, waive the statutory requirement as to a counter affidavit by defendant? Had plaintiff not objected to the filing of the plea when tendered, or moved promptly to strike it out if filed without his knowledge, he would be deemed to have waived compliance with the statute. *Williamson* v. *Nigh,* 58 W. Va. 629. There, it is stated that, as the section cited is for the plaintiff's benefit, it may be, and is deemed to have been, waived by plaintiff, where, without such objection or motion, he joins issue and proceeds to try the case upon the plea tendered and filed in the absence of such affidavit.

But, in argument, the suggestion is made that, as plaintiff did not specifically state the grounds of his objection to the plea or of his motion to strike it out, he can not urge them here. So far as we are enabled to determine from the record itself, no grounds were assigned. But plaintiff did expressly object to the filing of the plea, and promptly moved to strike it from the record of the case, and excepted to the ruling of the court upon the objection and motion, in the order made and acted on. What more could he reasonably be required to do to preserve the legal provision for his benefit? Virtually, he was forced into trial in disregard of that requirement. He did all that was reasonably necessary to save to himself the benefit of a violated statutory enactment made in his behalf, unless it was to decline to join issue upon a plea filed not only without compliance with the legal requirement but in violation of its express mandate. He had twice invoked, in vain, aid of the statute. His objection and motion were a challenge not alone of the sufficiency in the form of the plea, but of the right to plead at all, and asserted the right to have the record of the case restored to its condition prior to entry of the order filing the plea tendered. Having exhausted the essential legal procedure in vindication of his right to the benefit of the provision, plaintiff, we think, did not waive the right and benefit so accruing to him.

Again, if defendant did not as he contends, have any knowl-

edge of the existence of plaintiff's affidavit, or of the objection interposed to the filing of the plea, of which ignorance there is nothing in the record or elsewhere informing us except his claim in oral argument, he can not now take advantage of such lack of knowledge. As the affidavit was filed at rules with the declaration, and the objection and motion of plaintiff were made in open court, defendant must be deemed to have had knowledge of their existence. Of whatever occurred in the action affecting him, he is presumed to have knowledge.

Nor do we know, or have we any means of ascertaining, whether plaintiff stated to court or counsel the grounds of his objection or motion. The record shows only that he objected to the filing of the plea and that he moved to strike it out after it was filed. He may have done more than so appears. But what does appear seems ample to save to him the benefit of the imperative command of the statute on which he relies.

Defendant in error has caused to be certified to us a judgment in his favor, resulting from a second trial had after the verdict in the first was set aside and before the writ of error now being considered was granted by this court. What effect must be given to that judgment, we do not, and properly can not, now decide, but leave it to the disposition of the trial court subject to review here for errors committed, if any, upon the application of the suitor who may deem himself prejudiced thereby.

Being of opinion that the award of a new trial was clearly right, we affirm the judgment to which the writ was directed.

*Affirmed.*