NANNIE RICHARDSON *v.* CLIFF ROSS

(No. 7015)

Submitted January 26, 1932.    Decided February 2, 1932.

*R. E. O'Connor,* and *McGinnis & Ashworth,* for plaintiff in error.

*File, Goldsmith & Scherer,* for defendant in error.

HATCHER, PRESIDENT:

This is an action of trespass on the case, brought in Raleigh County. From a judgment in favor of plaintiff the defendant secured a writ of error here.

The first question involved is the jurisdiction of the trial court. Summons was served on the defendant in Raleigh County on July 5, 1930, returnable to the July Rules, when the declaration was filed. The declaration charges that the alleged wrong to plaintiff was committed in Kanawha County. At the following August Rules, the defendant filed a plea in abatement in the following form:

"State of West Virginia,
County of Raleigh, ss:
IN THE CIRCUIT COURT OF SAID COUNTY

Cliff Ross  
        Ads. } Trespass on the Case  
Nannie Richardson

And the said Cliff Ross, in his own proper person, comes and defends the wrong and injury, etc., and for plea says that before and at the commencement of the said action of the said Nannie Richardson, he the said Cliff Ross, was, and from thence hitherto has been, and still is, residing in the county of Kanawha, in the said State of West Virginia, and not in the said County of Raleigh; and that the cause of action herein sued on did not, nor did any part thereof, arise in the said County of Raleigh; but that the said cause of action herein sued on did arise, and every part hereof arose, in the said County of Kanawha.

And this he is ready to verify; wherefore he prays judgment if the court here will take cognizance of, the action aforesaid.

CLIFF ROSS

--------------------------------
*Counsel*

State of West Virginia
County of Kanawha. to-wit:

Cliff Ross, being duly sworn, says that he is the defendant named in the foregoing plea, and that the facts and allegations therein contained, are true,

except as they are therein stated to be on informa-tion, and that in so far as they are therein stated to be upon information, he believes them to be true.

CLIFF ROSS

Taken, subscribed and sworn to before me this ........ day of July, 1930.

My commission expires ....................................

....................................................
*Notary Public*

(Endorsement on back)

Plea in Abatement received and filed at August Rules, 1930. Aug. 4, 1930.

VAN HUNTER, Clerk."

At the August term of the circuit court the plaintiff asked leave to file a written motion to strike from the record the foregoing plea, to the filing of which motion the record recites "the defendant objected." The objection was overruled and the motion filed. Then the defendant "appeared specially," and moved for permission to show by testimony that the plea was duly sworn to before it was filed, and that the officer administering the oath inadvertently omitted to sign the jurat to the affidavit. The permission was granted and the testimony taken. Upon consideration of the testimony and while the defendant was "still appearing specially," the court refused "to grant the defendant leave to have the notary public execute the jurat to the affidavit to said plea showing where and when and before whom the said affidavit was sworn to." The court then struck from the record the defendant's plea.

The testimony relating to the plea shows that the defendant actually signed and swore to it on August 2, 1930, in Raleigh County before C. O. Dunn, a notary public, of that county; that Dunn was an attorney who had been employed by the defendant solely to prepare and file the plea and attend to "whatever should arise on" the plea; and that Dunn, forgetting to correct the date, to change the name Kanawha County to Raleigh County, and to sign his name to the jurat, filed the plea with the clerk.

Plaintiff calls attention to the fact that a bill of exceptions was not taken to the ruling of the court on the plea within

thirty days after the August term 1930 ended. The thirty day limit for taking bills of exceptions relates to final orders and judgments. *Barker* v. *Stephenson,* 67 W. Va. 490. The ruling on the plea was purely a procedural matter and not a final order. The bill of exceptions thereon was taken within thirty days after the adjournment of the term at which the final judgment in the case was pronounced.

Plaintiff contends that the initial appearance of defendant's attorney to her motion on the plea was a general appearance. There is one phrase, "the defendant objected," in the first order which would imply such an appearance, but that implication fails because (1) Dunn testified that his employment was special and limited to "whatever should arise on the plea," and (2) the entire orders relative to the proceedings on the plea show that Dunn was attempting to appear only specially.

Plaintiff also points out that the primary motion of defendant as cited in the record did not include correction of the county and date in the affidavit. The defendant must have enlarged his motion before it was passed upon, however, as the record discloses he was denied leave to have the affidavit show "where and when and before whom" it was sworn to.

Plaintiff criticizes Dunn for acting both as notary and attorney for defendant. Irrespective of any ethical question involved, Dunn's relation to defendant as attorney did not invalidate his action as notary.

There was little, if any, ceremony in administering the oath to defendant. No particular ceremony was necessary. Both the defendant and Dunn intended what the defendant did to constitute *the act of swearing.* This was sufficient. 2 C. J. 337-8.

In *Farmer's Bank* v. *Gettinger,* 4 W. Va. 305, it was held that the failure of the clerk administering an oath in an attachment proceeding to sign the affidavit did not vitiate the attachment, when it appeared from evidence that the affidavit was "actually sworn to at the time by the affiant." A parallel case is *Kruse* v. *Wilson,* 79 Ill. 233, 237, in which the court said: "If an oath was administered, and by the proper of-

ficer, as it assuredly was, the law was satisfied." In a leading case, the supreme court of Arkansas also said: "Swearing the affiant was the essential fact and if this was done and the officer administering the oath neglected to attest the fact, that would not render the affidavit a nullity." *Fortenheim* v. *Claflin, Allen & Co.*, 47 Ark. 49, 53, 14 S. W. 462, 463. This practice is followed even in criminal cases. In *State* v. *Freeman*, 59 Vt. 661, 664, the court reasoned: "The amendment (the signature of the notary) did not change the body of the complaint, or touch any allegation in it, or effect the amount or kind of proof required. It simply made the complaint show on its face what it was in fact." Accordingly the court held: "When the complaint * * * has been sworn to before the warrant was issued, but no certificate of oath was appended thereto, the defect is one of form, and an amendment is allowable." "A marked degree of unanimity" on this subject is noted by the supreme court of Michigan in *Wise* v. *Yunker*, 223 Mich. 203, 207, 193 N. W. 890, 891, (citing numerous cases). This unanimity is confirmed by the reference books. See 1 Ency. Pl. and Pr. 317, 318; 2 Am. and Eng. Ency. and Pr. 671; 1 R. C. L. 769, 770; 2 C. J. 363-4 and 370-1; 1 A. L. R. Anno. 1571. Accordingly, we are of opinion that upon a timely motion both reason and precedent require that the officer who actually administers an oath be permitted to attest that fact, when he has omitted to do so.

Code 1923, chapter 125, section 39, prescribes that a plea in abatement shall be verified by affidavit when "received." The plea herein was so verified in fact (though not in form) when received, and we are of opinion that the circuit court erred in refusing to allow the notary to evidence the verification formally, and in striking out the plea. Under Code 1923, chapter 123, sections 1 and 2, this action could be brought only in the county where the defendant resided or in the county where the cause of action arose. See *Toledo Co.* v. *Thomas*, 33 W. Va. 566, 11 S. E. 37, and *Rorer* v. *Ass'n.*, 47 W. Va. 1, 34 S. E. 758. The declaration alleges that the cause of action arose in Kanawha County. If the defendant did not reside in Raleigh County but in Kanawha County,

as the plea alleges, then the circuit court of Raleigh County had no jurisdiction of the case. Striking out the plea testing the jurisdiction of the court was therefore fatal error, and the ruling of the court thereon and all subsequent proceedings must be set aside and the judgment reversed.

*Reversed.*