CITY OF CHARLESTON, A MUNICIPAL CORPORATION

*And* CHARLESTON POLICE DEPARTMENT

*v.*

WEST VIRGINIA HUMAN RIGHTS COMMISSION

*And* ROBERTA THOMPSON

(No. 15257)

Decided January 26, 1982.

*Chauncey H. Browning,* Attorney General, *Eunice Green,* Assistant Attorney General, for W. Va. Human Rights Commission.

*W. Dale Greene,* for Thompson.

*Forrest H. Roles, Jackson Kelly, Holt* and *O'Farrell* for appellees.

214

PER CURIAM:

This is an appeal by the West Virginia Human Rights Commission and Roberta Thompson from an order of the Circuit Court of Kanawha County reversing a decision of the Commission holding that the Charleston Police Department had unlawfully discriminated against Ms. Thompson because of sex. The circuit court found that the Commission's order was clearly wrong because its findings and conclusions were not supported by reliable probative evidence. The appellants now contend that the Commission's order was supported by the evidence, and that the court erred in making its ruling. We agree, and we reverse the decision of the circuit court.

This case arises out of events which occurred in 1972. On August 13th of that year the Charleston Police Department refused to hire Ms. Thompson, a female, as a police patrolman. At the time the City deemed training at the State Police Academy a prerequisite to appointment to a permanent position. Ms. Thompson had been unable to take the training because the facilities at the Academy were being remodelled, and the City had been informed that until the remodelling was completed no females would be accepted into the program.

Upon learning of the City's refusal to appoint her, Ms. Thomspon filed a claim with the West Virginia Human Rights Commission alleging that she had been unlawfully discriminated against because of sex, in violation of the West Virginia Human Rights Act, *W. Va. Code,* 5-11-1 [1967], *et seq.* In subsequent proceedings the Human Rights Commission received a stipulation of facts entered into by the parties and also received depositions.

The stipulation indicated that Ms. Thompson, except for meeting the Academy Training requirement, was qualified for appointment as a policeman in the Spring of 1973 and that she was certified by the Police Civil Service Commission for that job. The sole reason that she was not hired was that she was unable to complete the Academy training requirement before the appointment date. The

stipulation also indicated that Ms. Thompson had been willing to take alternative training or to comply with any special arrangements that might be necessitated by the remodelling for her to attend the police training class held at the Academy in August 1973. The City made no attempt to work out alternative arrangements at the Academy or to sent the appellant to an alternative training center. The stipulation stated that prior to 1971 the City had its own training program and that after Ms. Thompson had been rejected the City changed its policy to permit persons to take their training while not residing at the Academy. In one of the depositions filed with the Commission Ms. Thompson testified that she knew of nine male police officers who had taken their Academy training after their appointment and after their probationary year had ended.

After considering the evidence the Human Rights Commission concluded that the sole reason Ms. Thompson was not appointed as a police officer in August 1973 was because she was a woman. The facts, according to the Commission, established a prima facie case of sex discrimination, and that discrimination was not justified because it was not necessary for the safe or efficient operation of the police department.

The City appealed the Commission's decision to the Circuit Court of Kanawha County. The court reviewed the record and reversed the Commission's decision.

In Syllabus Point 1 of *West Virginia Human Rights Commission v. United Transportation Local No. 655* W.Va. 280 S.E.2d 653 (1981), we said:

> "West Virginia Human Rights Commission's findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties."

*See, City of Huntington v. State Water Commission,* 137 W.Va. 786, 793, 73 S.E.2d 833, 839 (1953).

The Commission in the case before us found that the appellant was treated differently from male applicants for

position with the Charleston Police Department solely because she was a female. The Commission also recognized that the discrimination was unnecessary for the safe and efficient operation of the Department. The record shows that before the appellant became eligible, male applicants had been appointed even though they had not received Academy training. Also, male applicants were appointed to police positions after the appellant became eligible, even though they had not completed their Academy training. A number of them were allowed to take the training after their probationary year ended. The record supports the finding that the appellant was treated differently because of sex. The fact that the Department appointed males before they had completed the Academy course, both before and after the appellant became eligible, demonstrates that the Academy training was not, and the City did not consider it, essential to the safe or efficient operation of the police department.

Under the circumstances we believe that the finding of the Human Rights Commission that the appellant was discriminated against because of sex and that the discrimination was not necessary for the safe or evidence operation of the Department was supported by substantial evidence and that under the syllabus point of *West Virginia Human Rights Commission v. United Transportation Local No. 655, supra,* the circuit court erred in setting aside the Commission's finding.

Accordingly, the judgment of the Circuit Court of Kanawha County is revesed, and the order of the Human Rights Commission is reinstated.

*Reversed.*