291 S.E.2d 465

**Robert M. AMOS**

v.

**John W. CARR, Jr.**

No. 14793.

Supreme Court of Appeals of West Virginia.

May 17, 1982.

John W. Carr, Jr., pro se.

Harry R. Cronin, Jr., Fairmont, for appellee.

PER CURIAM:

This is a *pro se* appeal from a decision of the Circuit Court of Upshur County granting a motion for summary judgment. On March 21, 1978, Robert M. Amos, a practicing attorney and the appellee here, filed suit against the appellant, John W. Carr, Jr. to collect $10,273.09 in unpaid legal fees. Mr. Amos alleged that he and the appellant had entered into a contract whereby he was to render certain legal services for the appellant on a time, cost and expense basis. The complaint stated that a $500 retainer had been paid at the time of the contract with the understanding that additional funds would be paid as the various items of work progressed. The complaint further stated that the appellant subsequently refused to pay for work which had been performed.

Attached to the complaint was an affidavit from Mr. Amos in which he averred that he had performed the following services for the appellant: (1) researched titles to tracts of land owned by the appellant and had the land surveyed by a professional engineer—Balance Due: $8,438.25; (2) obtained medical records for the appellant and his mother from Weston State Hospital—Balance Due: $250.00; (3) obtained eviction of appellant's son from his property—Balance Due: $112.00; (4) ascertained status of life insurance policy—Balance Due: $58.74; (5) determined who withdrew an amount of money from the appellant's savings account—Balance Due: $174.40; (6) filed grievance with N.L.R.B. against local Teamsters for discrimination—Balance Due: $250.00; and (7) instituted suit to set aside Interparties Deed executed by appellant's mother while insane and incompetent—Balance Due: $989.70.

On April 3, 1978, a letter from the appellant to Mr. Amos and the circuit court was filed with the court. In that letter the appellant requested a jury trial on the issue of his liability and denied that he owed any

amount of money to Mr. Amos. On April 23, 1979, the appellee filed a motion for summary judgment. A hearing was held and by order dated June 4, 1979, the circuit court granted the appellee's motion. In the order the court specifically noted that the appellant, Mr. Carr, was representing himself even though the court had advised him that he should seek counsel and that "the defendant sent to the Court and plaintiff, a paper, not in proper form, not verified and not denying any of the specific items making up plaintiff's claim." It is from this final order that the appellant now appeals.

The general rule with regard to the granting of summary judgment is well established:

"'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Point 3, Syllabus, *Aetna Casualty and Surety Co. v. Federal Ins. Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syl. pt. 1, *Board of Education v. Van Buren and Firestone, Architects, Inc.*, 165 W.Va. 140, 267 S.E.2d 440 (1980).

█ In *Aetna Casualty, supra,* we also firmly established that a judge should hear evidence at trial even if he anticipates directing a verdict. As a corollary, "... we have traditionally viewed summary judgment with reservations and have required that the facts of the case be viewed in a light most favorable to the party against whom the judgment was rendered." *Board of Education v. Van Buren, supra,* 165 W.Va. at 143, 267 S.E.2d at 442.

After reviewing the record in the case before us, we conclude that the entry of summary judgment pursuant to Rule 56 of the West Virginia Rules of Civil Procedure was improper. Rule 56(e) states in part that: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In its decision to

grant summary judgment the circuit court relied in part on the fact that the appellant merely wrote a letter to the court and Mr. Amos denying his liability and did not file an answer in the proper form.

█ We have held that the Rules of Civil Procedure are liberal and seek substantial justice. *See, Dishman v. Jarrell,* 165 W.Va. 709, 271 S.E.2d 348 (1980); *Talkington v. Barnhart,* 164 W.Va. 488, 264 S.E.2d 450 (1980). With this principle in mind, we cannot say that the appellant who, as the record clearly shows, has been unsuccessful in his attempts to hire suitable counsel, did not raise a genuine issue of fact as to whether he owed Mr. Amos the $10,273.09 in question.

Indeed, he raised substantial questions about whether the legal work had in fact been done properly. He also submitted as exhibits certain checks and letters to and from Mr. Amos which indicate that there may be a question about the amount of the legal fees sought. In any event, the court should not have granted summary judgment when a genuine issue of fact existed in the case.

Accordingly, the judgment of the Circuit Court of Upshur County is reversed and the case is remanded for further proceedings.

Reversed and remanded.