303 S.E.2d 722

**BUTLER'S DISCOUNT AUTO SALES, INC.**

v.

**Virginia L. ROBERTS, Commissioner, etc.**

**Bob COMPTON, D/B/A Auto Discount Exchange**

v.

**Virginia L. ROBERTS, Commr., etc.**

Nos. 15819, 15820.

Supreme Court of Appeals of West Virginia.

May 25, 1983.

---

84

Chauncey H. Browning, Atty. Gen., Gregory W. Bailey, Deputy Atty. Gen. and Michael L. Harper, Asst. Atty. Gen., Charleston, for appellant.

Thomas R. Parks, Douglas Witten, Logan, for appellees.

HARSHBARGER, Justice:

The West Virginia Department of Motor Vehicles Commissioner appeals two Logan County Circuit Court decisions reversing rulings by the now defunct License Certificate Appeal Board of the West Virginia Department of Motor Vehicles [1] in cases involving Butler's Discount Auto Sales, Inc. and Bob Compton, d/b/a Auto Discount Exchange.

Both parties were licensed used car dealers in West Virginia. The Commissioner, authorized by W.Va.Code, 17A–6–18(a)(4) [2] revoked their licenses on January 26, 1982. She found that each party had pled guilty to three counts of an indictment charging violation of 15 U.S.C. § 1984 [3] and § 1990c [4] in the United States District

1. W.Va.Code, 17A–6–20 et seq., created the License Certificate Appeal Board to hear appeals by licensees or applicants from adverse decisions of the Commissioner. The board was terminated on July 1, 1981, by our Sunset Law, W.Va.Code, 4–10–4(1), and given one year to wind up its business.

2. W.Va.Code, 17A–6–18(a)(4), in part:
"The commissioner shall suspend or revoke a license certificate if the commissioner finds that the licensee:

"(4) Has been guilty of any fraudulent action in connection with the business of new motor vehicle dealer, used motor vehicle dealer, house trailer dealer, trailer dealer, motorcycle dealer, used parts dealer, or wrecker or dismantler."

3. 15 U.S.C. § 1984:
"No person shall disconnect, reset, or alter or cause to be disconnected, reset, or altered, the odometer of any motor vehicle with intent to change the number of miles indicated thereon."

4. 15 U.S.C. § 1990c:
"(a) Any person who knowingly and willfully commits any act or causes to be done any act that violates any provision of this title [15 USCS §§ 1981 et seq.] or knowingly and willfully omits to do any act or causes to be omitted any act that is required by any such provision shall be fined not more than $50,000 or imprisoned not more than one year, or both.
"(b) Any individual director, officer, or agent of a corporation who knowingly and willfully authorizes, orders, or performs any of the acts or practices constituting in whole or in part a violation of any section of this title [15 USCS §§ 1981 et seq.] shall be subject to penalties under this section without regard to any penalties to which that corporation may be subject under subsection (a)."

Court of the Eastern District of Tennessee; and that those pleas admitted fraud in connection with a motor vehicle dealership. The License Certificate Appeal Board sustained the revocation orders on June 23, 1982.

The State introduced the Department of Motor Vehicles Commissioner's orders, certified copies of Judgment and Probation/Commitment Orders from federal court showing each had pled guilty to knowingly and willfully disconnecting, resetting and altering odometers on cars with intent to reduce their mileage, and certified copies of transcripts of the arraignments in which the licensees admitted guilt after the charges and their rights were read to them by the court. The State rested. Both licensees testified and denied having committed the acts shown by their pleas and the court records.

The Board concluded in its order:

Based on the testimony and evidence submitted, this Board finds the appellant did in fact conspire with another to change the odometers of [number] vehicles that he intended to sell in West Virginia and thus was guilty of a fraudulent action in connection with the business of a used motor vehicle dealer.

Compton and Butler appealed to circuit court, claiming evidence of their federal convictions and pleas was improperly admitted. The circuit judge agreed with them, reversed the appeal board's decision, and remanded to Ms. Roberts. She asks us to affirm the propriety of having used those federal district court records in this state administrative hearing.

Former Code 17A–6–21(d) [5] made our Administrative Procedures Act applicable to license certificate appeal board hearings. W.Va.Code, 29A–5–2(a) and (b) govern evidentiary procedures:

(a) In contested cases irrelevant, immaterial, or unduly repetitious evidence shall be excluded. *The rules of evidence as applied in civil cases in the circuit courts of this State shall be followed.* When necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. Agencies shall be bound by the rules of privilege recognized by law. Objections to evidentiary offers shall be noted in the record. Any party to any such hearing may vouch the record as to any excluded testimony or other evidence.

(b) All evidence, including papers, records, agency staff memoranda and documents in the possession of the agency, of which it desires to avail itself, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case. *Documentary evidence may be received in the form of copies or excerpts or by incorporation by reference.* (Emphasis supplied.)

The rules of evidence as applied in West Virginia circuit courts include:

Rules of Civil Procedure, Rule 44(a)(1):

(a) *Authentication.*—(1) Domestic.— An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or *by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody.* The certificate may be made by a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or *may be*

---

5. W.Va.Code, 17A–6–21(d):
"All of the pertinent provisions of article five [§ 29A–5–1 et seq.], chapter twenty-nine-A of this Code shall apply to and govern the hearing on appeal and the administrative procedures in connection with and following such hearing, with like effect as if the provisions of said article five were set forth in extenso in this subsection."

*made by any public officer having a seal of office* and having official duties in the district or political subdivision in which the record is kept, *authenticated by the seal of his office.* (Emphasis supplied.)

and W.Va.Code, 57–1–12:

The records and judicial proceedings of any court of the United States, or of any state or territory, or of any country subject to the jurisdiction of the United States, shall be proved or admitted in any court in this State, by *the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge,* chief justice, or presiding magistrate, *that the said attestation is in due form.* And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within this State as they have by law or usage in the courts of the state or jurisdiction from which they are taken. (Emphasis supplied.)

The orders admitted as evidence were attested to by a deputy clerk, and the district judge signed a form acknowledging that the attestation was in due form. No

seal was used, but the exemplification certificate stated that the clerk was keeper of the seal and it would be affixed thereto.[6]

Our rules of civil procedure seek to avoid emphasis of form over substance. *Amos v. Carr,* 170 W.Va. 150, 291 S.E.2d 465 (1982); *Talkington v. Barnhart,* 164 W.Va. 488, 264 S.E.2d 450 (1980). Rule 61 explains that technical procedural errors that do not affect substantial rights of parties are to be ignored:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. Rule 61, W.Va. Rules of Civil Procedure.

We decided in *Talkington, supra,* that failure to comply with Rule 80(c) about notice of filing a transcript for appeal was

---

**6.** Both certificates were the same except for the names of the parties. This is a standard form used by United States District Courts. We print it in full for the reader, so its substantial compliance can be seen:

"UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF TENNESSEE
"I, KARL D. SAULPAW, JR., Clerk of the United States District Court for the EASTERN District of TENNESSEE whose name is written above and sworn and subscribed to by his deputy, and keeper of the records and seal thereof, hereby certify that the documents attached hereto are true copies of the judgment and probation/commitment order, [case number and style of case] of September 1, 1981 now remaining among the records of the Court.
In testimony whereof I hereunto sign my name and affix the seal of said Court, in said District, at Greeneville, this 23rd day of February, 1982.

    Karl D. Saulpaw, Jr.
    Clerk.
    by /s/  Irene H. Keasling
    Deputy Clerk

---

I, C.G. Neese, United States District Judge for the Eastern District of Tennessee, do hereby certify that Karl D. Saulpaw, Jr., whose name is

above written and subscribed, by his deputy, is and was at the date thereof, Clerk of said Court, duly appointed and sworn, and keeper of the records and seal thereof, and that the above certificate by him made, and his attestation or record thereof, is in due form of law.

    /s/  C.G. Neese
    United States District Judge
February 23, 1982

---

I, Karl D. Saulpaw, Jr., Clerk of the United States District Court for the Eastern District of Tennessee, and keeper of the seal thereof, hereby certify that the Honorable C.G. Neese whose name is within written and subscribed, was on the first day of February 1981, and now is Judge of said court, duly appointed, confirmed, sworn, and qualified; and that I am well acquainted with his handwriting and official signature and know and hereby certify the same within written to be his.

In testimony whereof I hereunto sign my name, and affix the seal of said Court at the city of Greeneville, in said State, on this 23rd day of February 1982.

    Karl D. Saulpaw, Jr.
    Clerk.
    by /s/  Irene H. Keasling
    Deputy Clerk

harmless unless a party could show actual prejudice. Here we have substantial compliance with Rule 44(a)(1)—full compliance would require the official seal—rather than a total failure to comply with it. *Accord, Brady v. Brady*, 151 W.Va. 900, 158 S.E.2d 359, 362 (1967), *modified on other grounds, Murredu v. Murredu*, W.Va., 236 S.E.2d 452, 458 (1977). In addition, no prejudice can be shown by Compton and Butler because both acknowledged to the Board that they pled guilty to the charges and were fined and on probation (although they denied doing the crimes). Their testimony alone would have supported the administrative ruling.[7] In addition, no objections were made to admission of the documents at the hearing.[8]

The Board's factual finding that licensees had pled guilty in federal court to violations of U.S.C. §§ 1984 and 1990c is supported by substantial evidence. As such, it should not have been reversed by the circuit court.

[An administrative tribunal's] findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties. Syllabus Point 1, *West Virginia Human Rights Commission v. United Transportation Union*, 167 W.Va. 282, 280 S.E.2d 653 (1980) and text at page 654 citing *City of Huntington v. State Water Commission*, 137 W.Va. 786, 73 S.E.2d 833, 839 (1953).

*Accord, City of Charleston v. West Virginia Human Rights Commission*, 169 W.Va. 213, 286 S.E.2d 284 (1982).

The Circuit Court is reversed and the Board's decisions reinstated.

Reversed.

---

**7.** *See* Syllabus Point 6, *Kanawha Valley Transportation Co. v. Public Service Commission*, 159 W.Va. 88, 219 S.E.2d 332 (1975):

"Where an administrative agency entertains both proper and improper evidence and the proper evidence is sufficient to sustain its order, the reviewing court will not reverse unless it is clear that the agency rested its conclusions primarily on the improper evidence."

**8.** Syllabus Point 1, *Evans v. State Compensation Director*, 150 W.Va. 161, 144 S.E.2d 663 (1965):

"Ordinarily, an objection to any incompetent, improper, or hearsay evdience should have been made at a trial or hearing before the admission of any such evidence can be later urged as an error on appeal."