# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Leonard E. McWhorter,**
**Respondent Below, Petitioner**

**FILED**

May 30, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-1062** (Ohio County 05-D-226)

**Karen L. McWhorter,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner and respondent below, Leonard E. McWhorter, by counsel Elgine Heceta McArdle, appeals the July 29, 2013, order of the Circuit Court of Ohio County affirming a family court order that, *inter alia*, concluded that there was marital waste of property attributable to petitioner due to his unreasonable delay in signing an oil and gas lease. Respondent and petitioner below, Karen L. McWhorter, by counsel  Robyn Ruttenberg, filed a response, to which petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent filed for divorce from Petitioner in 2005 after thirty-four years of marriage.[1] In an order entered March 18, 2013, following a hearing on the equitable distribution of assets, the Family Court of Ohio County, among other things, concluded that petitioner committed marital waste with regard to an oil and gas lease on 44.34 acres of real property owned by the parties. Scott Stewart, a land man, testified that, although he was not involved in the early lease negotiations with the parties, he was aware that they were offered $4,500.00 per acre to enter into an oil and gas lease for their property. Mr. Stewart testified that respondent was amenable to entering into a lease. The parties' neighbor and fellow land and mineral owner, Kenneth Fugate, testified that he received a lease of $5,000.00 per acre for his mineral rights. Petitioner's former lawyer, John Artimez, testified that it was petitioner's position that entering into a mineral rights lease violated a temporary order that enjoined the parties from conveying marital property. However, when respondent subsequently filed a motion to require petitioner to enter into a lease at $3,000.00 per acre, petitioner agreed, and a lease of the parties' 44.94 acres was executed in July of 2011. The family court found that petitioner failed to explain why he refused to enter into a lease at the higher price per acre and concluded that respondent proved by a preponderance of

---

[1]The couple has three children, all of whom are over the age of eighteen years.

1

the evidence that petitioner "acted unreasonably in early negotiations with energy companies and by his conduct[,] the value of the marital estate was dissipated or depreciated by $1,500 per acre." Accordingly, petitioner was ordered to pay respondent $33,705.00,[2] which is "one-half of the amount by which [petitioner's] conduct resulted in a depreciation of the marital asset" – i.e., $1,500.00 per acre times 44.94 acres.[3]

Petitioner appealed the family court order to the Circuit Court of Ohio County, which affirmed by order entered July 29, 2013. This appeal followed.[4]

Our review of the circuit court's order is governed by the following standard:

> "In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law de novo." Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt. 1, *Mayle v. Mayle*, 229 W.Va. 179, 727 S.E.2d 855 (2012).

Petitioner raises two related assignments of error. First, petitioner argues that there was insufficient evidence demonstrating that there was a bona fide lease offer of $4,500.00 per acre in 2010, and a corresponding decrease in the amount of the eventual price offering of $3,000.00 in 2011. Petitioner contends that Mr. Stewart's testimony that there was an initial lease offer of $4,500.00 was inadmissible hearsay. Second, petitioner argues that the family court erred in finding that the decrease in price per acre was a direct result of the delay caused by petitioner's request that any proceeds be placed into escrow pending the resolution of the divorce and that this request was unreasonable.

As a threshold matter, we note that petitioner does not contend that he objected to Mr. Stewart's testimony regarding the lease offering at the December 13, 2012, hearing, nor does the excerpt of Mr. Stewart's testimony included in the appendix record reflect any objection by petitioner on hearsay grounds. "'Ordinarily, an objection to any incompetent, improper, or

---

[2]This sum was added to the amount petitioner owed respondent for equitable distribution.

[3]*See* W.Va. Code § 48-7-103(4) (2001) (stating, in relevant part, that, absent valid agreement, marital property is divided equally, but court "may alter this distribution . . . after a consideration of. . . . [t]he extent to which each party, during the marriage, may have conducted himself or herself so as to dissipate or depreciate the value of the marital property of the parties. . . .").

[4]The circuit court's order addresses other issues that petitioner appealed from the family court. However, the present appeal involves only the issue of marital waste relating to the oil and gas lease.

2

hearsay evidence should have been made at a trial or hearing before the admission of any such evidence can be later urged as error on appeal.' Syllabus Point 1, *Evans v. State Compensation Director*, 150 W.Va. 161, 144 S.E.2d 663 (1965)." Syl. Pt. 3, *Johnson v. State Dept. of Motor Vehicles*, 173 W.Va. 565, 318 S.E.2d 616 (1984). In addition to Mr. Stewart's testimony that the parties were offered $4,500.00 per acre,[5] the evidence includes the fact that petitioner refused to enter into a lease at that price unless an escrow account was established first for the purported reason that a temporary order was in place precluding the parties from transferring, selling, or otherwise disposing or diminishing the value of marital assets during the pendency of the divorce. Importantly, however, petitioner subsequently agreed to the much lower lease price of $3,000.00 per acre even though there is nothing in the record before us indicating that the requested escrow account was, in fact, established. Thus, the family court did not clearly err or abuse its discretion in concluding that petitioner's delay in entering into a lease at $4,500.00 per acre was unreasonable under the circumstances and caused the marital property to dissipate or depreciate in value by the amount of $1,500.00 per acre.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Brent D. Benjamin
Justice Margaret L. Workman

---

[5]We note that Mr. Stewart testified that he was also aware that the parties had missed the deadline offering $5,000.00 per acre, which had been offered to a group of landowners of which petitioner and respondent were members. Mr. Stewart testified that he was not yet "assigned" to petitioner and respondent at the time of the $5,000.00 per acre offer to the group of landowners; the excerpt of Mr. Stewart's testimony included in the record before us does not indicate that petitioner objected to this testimony.

3