MARTIN et ux. v. GRANGER.  (No. 10945.)

(Supreme Court of Texas.  Oct. 17, 1918.)

APPEAL AND ERROR &#8258;&#61558;430(2)—APPLICATION FOR WRIT OF ERROR—NOTICE TO DEFENDANT IN ERROR.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1542a, requiring plaintiff in error, upon filing application for writ of error with clerk of Court of Civil Appeals, to present copy of application to clerk, and to notify attorneys of record for defendant in error of filing of application, is directory; and Supreme Court, upon failure, through oversight, of attorney to comply therewith, instead of dismissing, will direct delivery of copy of application to attorneys for defendant in error, and specify time in which to reply thereto.

Action between F. T. Martin and wife and L. Granger, trustee.  On motion by the latter to dismiss application for writ of error.  Overruled.

Y. D. Harrison, of Marshall, for applicant. Bibb & Bibb, of Marshall, for appellees.

HAWKINS, J.  The motion to dismiss for want of jurisdiction is based upon the facts that plaintiffs in error did not present to the clerk of the Court of Civil Appeals, along with the application for a writ of error, a copy of the application, and did not give to the attorneys of record for defendant in error notice of the filing of the application, and said clerk did not deliver to said attorneys a copy of said application.

From the motion and the answer, considered together, it appears that the application was filed in the Court of Civil Appeals on July 6, 1918, in due time, but was not accompanied by a copy thereof, and no copy was delivered by the clerk; that said application was prepared in triplicate, and failure to send a copy thereof to the clerk with the application resulted from unintentional oversight on the part of the attorneys for plaintiffs in error, who, on or about September 5, 1918, when the matter was called to their attention, mailed to said clerk a true copy of said application, and then so notified the attorneys for defendants in error, who, meanwhile, on August 6, had learned from another attorney that said original application had been filed.  The application and record were filed in this court on July 13, 1918, during our vacation.

Our statute provides, in substance, that, along with such application, the applicant shall deposit with the clerk of the Court of Civil Appeals a true copy of the application, and shall notify the attorney of record of the defendant in error of the deposit of said copy, and that, upon application by such attorney or by the defendant in error, the clerk shall deliver to him the copy of the application.  Vernon's Sayles' Ann. Civ. St. 1914, art. 1542a.  For the filing by the defendant in error of a reply to such application the law allows ten days after the filing

of the record of the cause in the Supreme Court.  Vernon's Sayles' Ann. Civ. St. 1914, art. 1542b.

Article 1542a is explicit, and should have been followed literally; but its language, we hold, is directory, rather than mandatory, and, under the circumstances, substantial justice may be subserved more effectually than by depriving plaintiffs in error of their right to have us consider their application solely because of such failure to deposit a copy thereof and to notify adverse counsel in time and manner contemplated by law.

Upon application of defendant in error, or his attorneys of record, said clerk of the Court of Civil Appeals will deliver to him or them said copy of said application; and, in any event, defendant in error may have until November 6, 1918, in which to file here a reply to said application.  The clerk of this court is directed to mail, forthwith, to said clerk of the Court of Civil Appeals, and also to the attorneys of record of defendant in error, certified copies of this opinion.

The issue presented involves neither construction nor application of Vernon's Sayles' Ann. Civ. St. 1914, art. 1541, which fixes the time for filing such applications. Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279.