Burke & Burke, New York City, for plaintiff; George I. Harris, New York City, of counsel.

Arthur Richenthal, New York City, for defendants; Robert N. Cooperman, New York City, of counsel.

**Marion Gray O'DONNELL, Plaintiff,**

v.

**RICHARDSON–ALLEN CORPORATION and Kollsman Instrument Corporation, Defendants.**

No. 62–C–597.

United States District Court
E. D. New York.

Jan. 8, 1964.

BRUCHHAUSEN, District Judge.

The defendant, Kollsman Instrument Corporation, moves under Rule 30(b) of the Federal Rules of Civil Procedure to stay the taking of the deposition of said defendant by Gerald Wubbenhorst, an officer thereof and to stay further proceedings in this action.

A State court action, hereinafter referred to as the State action, was commenced in the Supreme Court, New York County on May 9, 1960.

This action, hereinafter referred to as the Federal action, was commenced on June 9, 1962.

The State action was commenced by Kollsman Instrument Corporation against Columbus O'Donnell to recover upwards of $265,000 damages for fraud-

ulent representations, allegedly made by O'Donnell in March 1960 to induce Kollsman to purchase from O'Donnell the outstanding stock of Richardson-Allen Corporation. The said State action will shortly be reached for trial. Discovery proceedings have been had therein, including the taking of depositions of Messrs. Wubbenhorst and Richenthal, officers of Kollsman.

The Federal action was commenced by the plaintiff, Marion Gray O'Donnell, stepmother of Columbus O'Donnell, against Richardson-Allen Corporation to recover the sum of $25,000 on a promissory note, made by Richardson-Allen to the order of Columbus O'Donnell. The said plaintiff asserts that the note was executed and delivered to Columbus O'Donnell in 1959; that he pledged it with a bank for a loan; that it remained with the bank until Columbus O'Donnell assigned it to his stepmother on or about May 10, 1962, which was subsequent to its due date. She stated in her deposition that the note was a gift from Columbus O'Donnell and that he felt that she would have a better chance of collecting it. In September 1962 Kollsman, on its motion, was added as a defendant in the Federal action. In its answer, Kollsman alleged a counterclaim to the effect that Marion O'Donnell was the agent of Columbus O'Donnell and that Kollsman was entitled to damages arising out of the fraudulent representations of Columbus O'Donnell, similar to the claim made by Kollsman in the State action.

Messrs. Burke & Burke were the attorneys for Columbus O'Donnell from the inception of the State action until mid-1962, when they withdrew. They have been the attorneys of record for Marion O'Donnell, the plaintiff in the Federal action since the commencement.

The defendants in the Federal action contend that the State action involves the same issues as does the Federal action and that the determination in the State action will be dispositive of the Federal action.

It has been held that where the prior action is in personam as distinguished from an action to recover the res, a later action for the same cause should not be barred. In Kline v. Burke Construction Company, 260 U.S. 226, at page 230, 43 S.Ct. 79, at page 81, 67 L.Ed. 226, the court said:

"The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

As previously stated, both the State and Federal actions are in personam. Further reasons exist for a denial of a stay of the Federal action. The causes of action are not the same. The State action is based on fraudulent representations made in the sale of stock whereas the Federal action is on a note, executed prior to the said sale. There are different parties plaintiff and different attorneys for the plaintiffs. Richardson-Allen is not a party to the State action. The claim that Marion O'Donnell, the plaintiff in the Federal action, is the agent of Columbus O'Donnell, the plaintiff in the State action has yet to be established.

The cases of Federal National Mortgage Association v. Tieso & Kostka Corp., D.C.Minn., 137 F.Supp. 186 and Martin v. Martin, D.C.N.Y., 210 F.Supp. 776, cited by the movants are readily distinguishable. They were not in personam actions. The State Court in each of the actions had acquired jurisdiction of the res, the subject matter of the later Federal actions.

It is indicated in the Kline case, supra, that if jurisdiction has been acquired over a specific res, in a prior non personam action, the court in the later action will recognize the priority. In this connection, the court in Kline wrote:

"But a controversy is not a thing, and a controversy over a mere ques-

tion of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending."

Ray v. Halsey, 5 Cir., 214 F.2d 366, also cited by the movants is not relevant. It appeared therein that the State action had proceeded to judgment. The later Federal action was stayed, pending appeal of the judgment, undoubtedly to permit a plea of res adjudicata in the Federal action in the event of affirmance of said judgment. This ruling appears to be in accord with the statement in Kline, supra, viz.:

"Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending * * *."

There is authority for staying a later action, involving a similar issue, such as Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, cited by plaintiff. This case wherein a judge dissented is distinguishable. Indirectly, the ruling resulted in the consolidation of stockholders actions pending in several courts. Dissatisfaction with Mottolese is voiced in the majority opinion in P. Beirsdorf & Co. v. McGohey, 2 Cir., 187 F.2d 14. See also Mach-Tronics Incorporated v. Zirpoli, 9 Cir., 316 F.2d 820, 835.

In Landis v. North American Company, 299 U.S. 248, at page 255, 57 S.Ct. 163, 81 L.Ed. 153, the court said:

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."

Applying these principles to the case at bar, the Court concludes that a stay of the Federal action is not warranted.

The second branch of the defendants' motion is for an order, under Rule 30(b) of the Federal Rules of Civil Procedure, staying the taking of the deposition of Gerald Wubbenhorst, an officer of the defendant corporation. The Court is empowered by the said rule to protect a party or witness from annoyance, embarrassment, or oppression. The defendants assert that extensive pre-trial and discovery proceedings have been taken and completed in the State action, including the examination of Wubbenhorst on September 25, 1963. They further contend that the proposed examination of Wubbenhorst in the Federal action will result in a duplication of discovery procedure.

The plaintiff alleges that she had no notice of the taking of that deposition nor has she been furnished with a copy of it, also that she has the right to have her own counsel examine the witness and have the benefit of the Federal Rules of discovery, less restrictive than the State rules. She indicates that she may resort to further discovery proceedings and should not be deprived of this right. In granting the stay of action in Mottolese, supra, under the special circumstances therein existing, the District Court permitted the plaintiff to proceed with the taking of the deposition in the Federal action unless defendant agreed that the deposition in the State action be as comprehensive as that to which plaintiff would be entitled in the Federal action. The defendants' contention on this phase of the controversy is untenable.

The defendants' motion is in all respects denied. Settle order.