**Harold MILLER, Plaintiff,**

v.

**Joseph D. BAIRD and John Robert Kennedy, Defendants.**

**Civ. A. No. 724.**

United States District Court
E. D. Tennessee,
Winchester Division.

Feb. 2, 1965.

Joe S. Bean, Winchester, Tenn., for plaintiff.

McCord, Henry & Forrester, Tullahoma, Tenn., John M. McCord, Tullahoma, Tenn., of counsel, for defendant Baird.

H. Francis Stewart, Nashville, Tenn., for defendant Kennedy.

NEESE, District Judge.

This is an action for personal injuries. The plaintiff initiated his claim in a state court and the defendants removed the action to this court, 28 U.S.C. § 1441 (b). The defendants have filed a motion to dismiss the complaint on the grounds of (1) the insufficiency of process, (2) the insufficiency of service of process, and (3) the failure of the complaint to state a claim upon which relief may be granted.

The motor vehicle collision out of which this action arose occurred on July 12, 1963 in Franklin County, Tennessee. The plaintiff filed his original declaration and summons with the circuit court clerk of that county on July 10, 1964 before the running of the applicable statute of limitation, T.C.A. § 28–304. The said clerk, through an oversight, did not forward the summons to the Tennessee secretary of state, as agent for service of process on the nonresident defendant motorists, T.C.A. § 20–224, until the latter part of August, 1964. The defendants base their first two grounds for dismissal on this delay by the said clerk in forwarding the process to the secretary of state, insisting that such does not comply with the applicable statute, which provides, inter alia, that the secretary of state's agency shall continue so long after the expiration of such year as may be neces-

sary to enable him to complete the service of process sued out prior to the expiration of said year and "* * * forwarded to him with reasonable dispatch. * * *" T.C.A. § 20–224.

■ This statute for substituted service on non-resident motorists was enacted for the benefit of the persons injured within the state, and the 1955 legislative amendment thereto extending the agency of the secretary of state to accept service of process sued out within the year and forwarded to him for service after the running of the one year statute of limitations was to give some leeway for the clerk to prepare copy of the summons and a reasonable time to forward it to the appointed state official. Anderson v. Outland (1962), 210 Tenn. 526, 360 S.W.2d 44. The plaintiff should not be denied his right to pursue his action because of a mistake of the clerk of the state court, where service is actually completed within a reasonable time. Proctor v. Hendrick, D.C.Tenn. (1958), 174 F.Supp. 270. The first and second grounds of the defendants' motion hereby are overruled.

■ The plaintiff's complaint fairly satisfied the requirements of Rule 8(a), Federal Rules of Civil Procedure, and the defendants have not seriously urged any specific omissions of compliance. Thus the third ground of defendants' motion hereby is overruled.

■■ The Court takes judicial notice of the fact that one of the defendants herein, James B. Baird, has heretofore filed an action in this court asserting a claim against Harold Miller, plaintiff herein, and against John Robert Kennedy, codefendant herein, said action bearing No. 688 on our Winchester docket. The plaintiff Miller should have filed the claim he now asserts in this action as a counterclaim under the provisions of Rule 13(a), Federal Rules of Civil Procedure, and as a cross-claim under the provisions of Rule 13(g), supra. Normally, the failure to assert such a compulsory claim by the instant plaintiff in the prior action would constitute a waiver of such claim, Rule 13(a), supra.

■ The established rule is that where an action is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. Kline v. Burke Construction Co. (1922), 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; O'Donnell v. Richardson-Allen Corp. (1964), D.C.N.Y., 34 F.R.D. 214; also Red Top Trucking Corp. v. Seaboard Freight Lines (1940), D.C.N.Y., 35 F.Supp. 740, wherein a factual situation similar to the present status of Actions Nos. 688 and 724, was considered. Thus the plaintiff Miller, in No. 724, had a right to bring his cause of action in the state court subsequent to the action brought by Mr. Baird in this court in No. 688; and Mr. Miller is not barred from prosecuting his suit through the operation of Rule 13(a), supra.

■ However, now that Mr. Miller's state action has been properly removed to this court, in which Mr. Baird's action is pending, and since the claims of each party grow out of the same automobile collision, the two causes will be consolidated for trial, and Mr. Miller's claim will be treated as a counterclaim and cross-claim under the provisions of Rule 13(a) and (g), supra.

Pretrial conferences having been held heretofore in Action No. 688, and several companion cases, counsel for the respective parties in Action No. 724 will advise this Court within twenty (20) days whether an additional pretrial conference will be necessary or whether the pretrial order heretofore entered in Action No. 688 fairly states the respective claims of the parties.