ALMA TALKINGTON, *et al.*

*v.*

ORVAL BARNHART

(No. 14062)

Decided March 25, 1980.

*Roger J. Morgan, J. T. Michael, John S. Sibray,* for appellants.

*Rose, Southern & Padeen and Duane C. Southern,* for appellee.

HARSHBARGER, JUSTICE:

On December 23, 1972, Mr. and Mrs. Talkington were respectively the owner and operator of a 1970 Chrysler,

and Barnhart, driving a 1967 Chevrolet, collided with the Talkington auto at the intersection of West Pike Street and Smith Street in Clarksburg, Harrison County. Barnhart was leaving a parking lot when the collision occurred. Mrs. Talkington was taken to a hospital and treated for bruises and contusions, and has suffered from cervical and shoulder pain. Plaintiffs allege that Barnhart was negligent and he claims that Mrs. Talkington was contributorily negligent.

All parties stipulated to the damages to the Talkington car, and that any verdict in favor of Mr. Talkington was to be reduced by $1,014.30 paid to him on behalf of defendant. At trial there was testimony by, among others, an orthopedic surgeon to whom Mrs. Talkington had been referred and a physician chosen by defendant to examine her. She introduced her medical bills and no evidence challenged them, except cross-examination revealed that portions of her bills were attributable to purchases or pharmaceutical supplies for other family members. Both physicians testified that Mrs. Talkington has a crepitus in her shoulder and would suffer continuous pain. There was also evidence that Mrs. Talkington could or did no longer engage in many activities which occupied her time prior to the accident, including housework, family outings, and square dancing. She and her husband testified about the deterioration in their marital relationship after the wreck.

Instructions included charges about contributory negligence, which with defendant's claim that he was not negligent were defendant's entire defense.

The jury found for plaintiffs but awarded Mrs. Talkington no damages and awarded Mr. Talkington the exact amount of the cost of his automobile repair. Their motion to set aside the verdict and award a new trial was denied.

I.

Defendant moved that we dismiss the appeal, relying on *Crusenberry v. Norfolk & Western Railway CO.*, 155 W.

Va. 155, 180 S.E.2d 219 (1971). He argued that plaintiffs' counsel's failure to notify him that the trial transcript had been made part of the record as required by West Virginia Rules of Civil Procedure, Rule 80(c), precludes us from reviewing the testimony to determine the merits of the appeal. We do not grant the motion and overrule, in part, language in *Crusenberry* that failure to comply with Rule 80(c) denies a petitioner access to this court. We modify Syllabus Point 3: "[i]n the interpretation and application of Rule 80(c) of the West Virginia Rules of Civil Procedure, the function and purpose thereof must be considered" but failure to comply with the rule will be deemed harmless under Rule 61 unless a party can show actual prejudice effecting substantial rights.

Our rules track the federal rules with few exceptions, one of which is Rule 80, R.C.P.:

(a) *When transcript of stenographically reported proceedings part of record.*—When the proceedings had and testimony taken at a hearing or trial before the court are stenographically or mechanically reported by the official court or other authorized reporter, a duly certified transcript thereof becomes a part of the record of the action when it is filed with the court during the pendency of the civil action or at any time afterward. When the proceedings had and testimony taken at a hearing before a commissioner are stenographically or mechanically reported by the official court or other authorized reporter, a duly certified transcript thereof becomes a part of the record of the action if it is filed with the court before the action is submitted to the court for disposition of the report of the commissioner.

. . .

(c) *Notice of filing transcript.*—When a transcript of the proceedings had and testimony taken at a trial is filed with the court, the party causing it to be filed shall promptly give notice thereof to all other parties.

(d) *Correcting the transcript.*—On motion served by any party and therein assigning error or omission in any part of any transcript of the proceedings had and testimony taken at a hearing or trial, the court shall settle all differences arising as to whether such transcript truly discloses what occurred at the hearing or trial and shall direct that the transcript be corrected and revised in the respects designated by the court, so as to make it conform to the whole truth. . . .

Rule 5(e), R.C.P. pertains to filing:

(e) *Filing with the court defined.*—The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, who shall note thereon the filing date, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk; the notation by the clerk or the judge of the filing date on any such paper constitutes the filing of such paper, and such paper then becomes a part of the record in the action without any order of the court.

When the circuit court clerk marked the filing date on the trial transcript, it became part of the record.

A party coming here seeking appeal must file a petition in the circuit clerk's office and the clerk "shall as soon as may be, transmit to the clerk of the supreme court of appeals . . . the *record* of so much of the case wherein the judgment, decree or order is, *as will enable the court or judge . . . properly to decide on such petition* . . . ." W.Va. Code, 58-5-6 (emphasis added). The circuit clerk properly submitted the trial transcript as a relevant part of the record to this court.

Fed. R. App. P. II Rule 3(a), requires that an appellant file a notice of appeal and that the clerk serve that notice on all parties, but we have no such requirement except in criminal cases. The other party is protected by

our Rule III, §1[1] and W.Va. Code, 58-5-11 and 58-5-12, which require notice that an appeal has been granted. The result is the same as that accomplished by the federal rules which apply to *appeals as of rights.* Once it is ascertained that an appeal will be granted (as of right in the federal system and when the petition is granted, in ours) appellee is notified. Additional protection for an appellee is found in Rule IV, §4 Rules of Practice in the Supreme Court of Appeals, which allows an appellee to designate any portion he deems relevant.

Barnhart asserts that he suffered prejudice because of the Talkingtons' failure to notify him about the transcript filing, in that he was deprived of an opportunity to rectify transcript errors. If there were any (he agrees there were actually none), Rule 80(d) allows him to move the trial court to correct the transcript, *Piper v. Miller,* 154 W.Va. 178, 173 S.E.2d 662 (1970), and there is no time limitation for correction of such errors.

He also says that his lack of notice prevented him from preparing a note of argument in opposition to the petition for appeal[2] allowed by our Rule II, §1.[3]

---

[1] This case proceeded through the appeals process under the former Rules of Practice in the Supreme Court of Appeals. Note that as of January 1, 1980 the former rules were superceded, although not changed in parts material to this opinion.

[2] Notes of argument in opposition to petitions for appeals or writs of error are filed in less than five percent of the cases brought to this court.

[3] Rule II, §1.

Must assign errors—Not argue the case—Note of argument required.

A petition for an appeal or writ of error should briefly state the case and must assign errors, naming the particular decrees or judgments complained of and the date of their rendition, and if a supersedeas is desired it should be so stated in the prayer of the petition, but the case is not to be argued in the petition.

A separate note of argument, setting forth the points and authorities relied on, shall be submitted with the petition. A note of argument may be filed in opposition to such petition.

When the court is in term counsel will not be heard orally on petition for writs of error or appeals, except on argument days, in open court; but this rule may be varied when the circumstances call for such action.

However, Code, 58-5-25 permits an appellee to file a motion to dismiss upon grounds not involving the merits; and by leave of court, to file a motion to dismiss on the merits. In either event an appellee can address any issue that might have been raised in a note of agrument in opposition to a petition for appeal or writ of error. The efficacy of this procedure is proved by defendant's motion to dismiss in this very case.

Rules 1[4] and 61[5] make clear our intent to avoid placing form over substance in the procedures of our courts. Our refusal to review this transcript would be a refusal to entertain the appeal. We will not sacrifice an appellant's substantial rights for rules that do not result in prejudice. We find that Rule 80(c) is not jurisdictional;[6] however, we expect counsel to comply with it.

---

Not to exceed ten minutes shall be allowed for oral presentation of a petition for appeal or writ of error, unless additional time be granted by the court. Such presentation should be confined to the facts of the case and the errors therein, and the points of law relied upon.

[4] Rule 1, R.C.P. Scope of rules.

"These rules govern the procedure in all trial courts of record in all actions, suits, or other judicial proceedings of civil nature whether cognizable as cases at law or in equity, and in any appellate review of such actions, suits, or other judicial proceedings, with the qualifications and exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action."

[5] Rule 61, R.C.P. Harmless error.

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

[6] *See generally, Davis v. Ralston Purina Co.,* 248 Ark. 14, 449 S.W.2d 709 (1970); *Schmitt v. Matthews,* 12 Wash. App. 654, 531 P.2d 309 (1975); *Martin v. Granger,* 205 S.W. 725 (Tex. 1918); *Fidelity and Casualty Co. v. Bank of Commerce,* 285 Ala. 580, 234 So.2d 871 (1970); *Echols v. Olsen,* 63 Ill.2d 270, 347 N.E.2d 720 (1976).

## II.

The Talkingtons assert that the court should have set aside the verdict and ordered a new trial on damages. The jury vedict was:

> We, the jury, find for the plaintiffs, Alma Talkington and Walter Talkington, Sr., and assess their damages as follows: Alma Talkington, the amount of none. Walter Talkington, Sr., the amount of $1,014.30.

We agree that the verdict is inadequate as a matter of law. We have consistently held that where there is uncontroverted evidence of damages, a verdict not reflecting them is inadequate. *King v. Bittinger*, ___ W.Va. ___, 231 S.E.2d 239 (1976), Syllabus Point 4; *Hall v. Groves*, 151 W.Va. 449, 153 S.E.2d 165 (1967), Syllabus Point 2. Also, Mrs. Talkington's testimony about her pain and suffering was supported by testimony by both physicians.

> Nevertheless, subjective though pain and suffering awards may be, the jury must give some reasonable compensation for pain and suffering to victims when such pain and suffering have been demonstrated, and an award which is so unreasonable that its adequacy cannot be debated by fair-minded men must be set aside.
>
> *Freshwater v. Booth*, ___ W.Va. ___ 233 S.E.2d 312, 316 (1977).

We did an extensive analysis of the treatment of inadequate jury verdicts in *Freshwater* and classified them into four types: where (1) the plaintiff would be entitled to a directed verdict on liability as a matter of law, but the damages were inadequate even when viewed most favorably to defendant; (2) liability is contested, but damages were inadequate if liability were proven; (3) liability is tenuous or contested, but the jury held for the plaintiff and only awarded nominal damages; and (4) liability has been conclusively proven, but damages alone need to be retried because of the inadequacy.

In *King v. Bittinger, supra,* the jury verdict reflected the exact amount of medical expenses, but neglected to compensate the victim for pain, suffering or loss of wages. Here the jury rendered a verdict for Talkington in the exact amount of expenses for car repair, but failed to assess damages for proven medical expenses, pain and suffering for Mrs. Talkington, or for loss of consortium. *See Shreve v. Faris,* 144 W.Va. 819, 111 S.E.2d 169 (1959). These damages should be recompensed. *Ellard v. Harvey,* ___ W.Va. ___, 231 S.E.2d 339 (1976).

It is impossible to determine from the jury verdict whether they voted that defendant was negligent and plaintiff was not contributorily negligent, or whether they believed plaintiff was negligent but erroneously assessed damages for Talkington's car repairs.

> Where, however, liability is contested and an appellate court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues.
>
> *Freshwater, supra* at 316.

We stated in *Shields v. Church Brothers, Inc.,* ___ W.Va. ___, 193 S.E.2d 151 (1972) and *King v. Bittinger, supra,* that we will order further trial on the issue of damages alone, only when damages are a separate and distinct issue from liability; the liability of defendant is conclusively proved; and limitation of trial to damages alone will not prejudice a defendant. However arbitrary may be this categorization, we are not inclined to change it and cannot put this case in any of them.

The Circuit Court's refusal to set aside the verdict is reversed and the cause remanded for another trial on liability and damages.

*Reversed and remanded.*