330 S.E.2d 334

**William R. RAINES & Agnes M. Raines**

v.

**James D. THOMAS.**

**No. 16132.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1985.

Decided May 10, 1985.

6. W.Va.Code, 23–1–9, provides:

"In case of failure or refusal of any person to comply with the order of the commissioner, or subpoena issued by him, his secretary, or one of his inspectors or examiners, or on the refusal of a witness to testify to any matter regarding which he may be lawfully interrogated, or refusal to permit an inspection as aforesaid, the circuit judge of the county in which the person resides, on application of the commissioner, or any inspector or examiner appointed by him, shall compel obedience by attachment proceedings as for contempt, as in the case of disobedience of the requirements of a subpoena issued from such court on a refusal to testify therein."

Robert L. Godbey, Huntington, for appellants.

Jerry N. Ragan, Wood, Grimm & Delp, Huntington, for appellee.

**PER CURIAM:**

Plaintiffs William and Agnes Raines appeal from a final judgment of the Circuit Court of Wayne County entered on January 31, 1983, wherein the court denied the plaintiffs' motion to set aside the jury verdict and award a new trial. The jury had returned a verdict in favor of the plaintiffs in the amount of $2,000.00 in their action against James D. Thomas, defendant below. For the reasons set forth in this opinion we reverse and remand for a new trial.

The automobile accident which led to the plaintiffs' action against the defendant occurred on the afternoon of July 18, 1978 on Spring Valley Drive in Huntington, West Virginia. Plaintiff William Raines was driving a 1975 Jeep in which his wife was a passenger. As they proceeded along Spring Valley Drive Mr. Raines slowed his vehicle to 15 to 20 miles per hour to accommodate the car in front of him which was making a left turn. The accident occurred when a truck owned by James Thomas, the defendant, rolled down a sloping driveway in which it had been parked and struck the right side of the plaintiffs' Jeep.

There were no allegations at trial that the plaintiffs were negligent in any manner. The defendant, however, contested liability and introduced evidence that he had acted with due care, i.e., the parking brake on his truck was set, the transmission was left in gear, and all four wheels were chocked with pieces of concrete. This evidence was contradicted by witnesses for the plaintiffs.

It was undisputed that both plaintiffs suffered personal injuries as a result of the accident. Mr. Raines sustained injuries to several fingers and lost his grip in his left hand. He also aggravated a preexisting neck and back injury and was unable to return to work for a period of time as a result of his injuries. Mrs. Raines sustained injuries to her right hip, foot and ankle. She also sustained a low back injury on the right side and suffered numerous other neck, stomach and finger injuries. Evidence was introduced that Mrs. Raines

suffered a permanent disability as a result of the accident.

The plaintiffs introduced uncontroverted evidence of special damages in the amount of $9,990.15. This included $2,044.37 damage to the plaintiffs' vehicle; Mr. Raines' loss of wages in the amount of $5,127.33; and medical and transportation expenses for both plaintiffs totalling $2,818.75.

At the conclusion of the evidence the jury returned a verdict which stated:

We the jury find the defendant, James D. Thomas, Jr., was not negligent—the collision was accidental.

We award the amount of $1,200.00 for damages to the jeep.

We find Mr. Raines not entitled to any compensation.

We award Mrs. Raines $800.00 compensation.

The court thereupon instructed the jury that under West Virginia law they were to assess a percentage of fault and sent them back to the jury room. The jury returned to the courtroom after some time and informed the court that they did not understand what the percentage of fault involved. The court offered some explanation and the jury returned to their deliberations. They subsequently returned the following verdict assigning fault:

| | |
|---|---|
| Plaintiff, Agnes M. Raines | 0% |
| Plaintiff, William R. Raines | 0% |
| Defendant | 100% |
| TOTAL | 100% |

(The sum must equal 100%)

The defendant is 100% liable for the sum we've specified, i.e., $2,000.00 Total & no more.

The plaintiffs seek a reversal of the judgment entered upon the jury's verdict on the grounds that the verdict is inadequate in light of the evidence.

We have consistently held that where there is uncontroverted evidence of damages and liability is proven, a verdict not reflecting them is inadequate. *Talkington v. Barnhart,* 164 W.Va. 488, 264 S.E.2d 450 (1980); *King v. Bittinger,* 160 W.Va. 129, 231 S.E.2d 239 (1976).

We did an extensive analysis of the standards by which to review damage awards in *Freshwater v. Booth,* 160 W.Va. 156, 233 S.E.2d 312 (1977). Under that analysis, this is a Type 2 case in that liability was strongly contested by the defendant at trial "and the award of damages is clearly inadequate if liability were proven." 160 W.Va. at 160, 233 S.E.2d at 315. In Type 2 cases an appellate court cannot "infer from the jury verdict alone whether the jury were confused about the proper measure of damages or whether they were confused about the proper rules for determining liability, or both." *Id.*

In the sole syllabus point of *Freshwater,* we said:

In a tort action for property damage and personal injuries this Court will set aside the jury verdict and award a new trial on all issues where: (1) the jury verdict is clearly inadequate when the evidence on damages is viewed most strongly in favor of defendant; (2) liability is contested and there is evidence to sustain a jury verdict in favor of either plaintiff or defendant; and (3) the jury award, while inadequate, is not so nominal under the evidence as to permit the court to infer that it was a defendant's verdict perversely expressed.

Applying this law to the facts of the case before us, the initial question now is whether the damages are inadequate when viewed most strongly in favor of the defendant. The evidence permits only the conclusion that the plaintiffs were not negligent, that their vehicle was damaged in the accident, and that they suffered personal injuries and expense as a result of the accident. There were no allegations that they did not seek proper medical care or that their vehicle was not worth the amount of damages introduced into evidence. Nor was there evidence that Mr. Raines malingered when he did not return to work. Therefore, viewing the evidence in favor of the defendant, the jury verdict is still inadequate.

With regard to the second factor, we find that liability was contested and

there was evidence at trial upon which the jury could have found for either the plaintiffs or the defendant, i.e., they could have believed that the defendant acted with due care and was not negligent, even though his vehicle caused the accident. As to the third factor, we are of the view that the jury verdict in this case was not so inadequate that we can infer that the jury actually found for the defendant but was so sympathetic toward the plaintiffs that they awarded a small sum as an act of mercy (a defendant's verdict perversely expressed).

 In this case it is impossible to determine from the conflicting jury verdict how the members of the jury found on the issue of liability. They initially voted in favor of the defendant but awarded damages to the plaintiffs. Under a cloud of confusion they subsequently found the defendant liable and the plaintiffs free of fault. However, they awarded the plaintiffs only $2,000.00 when evidence of special damages totalling over $9,990.00 had been introduced. The jury was obviously confused about the evidence, their duty to find liability, or the measure of damages.

In *Freshwater v. Booth*, 160 W.Va. at 161–162, 233 S.E.2d at 316, we stated:

Where, however, liability is contested and an appellate court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues.

Accordingly, the judgment of the Circuit Court of Wayne County is reversed and the case is remanded for a new trial.

Reversed and Remanded.