499 S.E.2d 300

Sally SORSBY, Administratrix of the Estate of William Frederick Sorsby, Appellant,

v.

Olive L. TURNER, Personal Representative of the Estate of Brian W. Turner; Ronald L. Kuskey, Sr., and M.C. "Toby" Kuskey, dba Poppa K's, Appellees.

D. Greig PAETZOLD and Kathryn E. Paetzold, Individually and D. Greig Paetzold, and Parents, Natural Guardians and Next Friend of Gregory C. Paetzold, Appellees,

v.

Olive L. TURNER, individually and as Personal Representative of the Estate of Brian W. Turner; Ronald L. Kuskey, Sr., and M.C. "Toby" Kuskey, dba Poppa K's, Appellees,

Sally Sorsby, Administratrix of the Estate of William Frederick Sorsby, Appellant.

Kari L. McAFEE, A Minor by and through Angela McAfee, Her Guardian and Next Friend, and Angela McAfee, Appellees,

v.

Olive L. TURNER, Individually and as Personal Representative of the Estate of Brian W. Turner, Appellee.

Kimberly S. GWENNAP, A Minor, by and through Robert R. Gwennap and Sharon E. Gwennap, Her Guardians and Next Friend, and Robert R. Gwennap and Sharon E. Gwennap, Appellees,

v.

Olive L. TURNER, Individually and as Personal Representative of the Estate of Brian W. Turner, Appellee.

Ronald J. KUSKEY, Sr., and M.D. "Toby" Kuskey, dba Poppa K's, Third–Party Plaintiffs Below, Appellees,

v.

The CINCINNATI INSURANCE CO., an Ohio Corporation licensed to do business in the State of West Virginia, Third–Party Defendant Below, Appellee.

No. 23704.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 9, 1997.

Decided Dec. 5, 1997.

Concurring Opinion of Justice
McHugh Dec. 17, 1997.

James B. Stoneking, James G. Bordas, Jr., Bordas, Bordas & Jividen, Wheeling, for Appellant.

James D. McDermott, McDermott, Bonenberger, McDermott & Gallaway, Wheeling, for Turner.

Katrina L. Gallagher, Law Offices of Thomas G. Steele, Clarksburg, for Paetzold.

Mark B. Chernenko, Wellsburg, for McAfee.

MAYNARD, Justice:

Appellant, Sally Sorsby, administratrix of the estate of William Frederick Sorsby, seeks reversal of a final order entered by the

Circuit Court of Ohio County, West Virginia, on January 17, 1996. In that order, the court dismissed Sorsby's actions by granting motions to dismiss which were made by the appellees, Kari L. McAfee and Gregory Paetzold. Sorsby contends the lower court erred by ruling that she was required, under Rule 13 of the West Virginia Rules of Civil Procedure, to assert a cause of action for wrongful death as a counterclaim, and the failure so to do operated as a waiver which barred her claims. Sorsby also argues her claim was not waived because the lower court had previously consolidated the actions for all purposes except trial. We believe the consolidation ordered by the lower court eliminated the need for Sorsby to plead her cause of action against McAfee and Paetzold as a compulsory counterclaim. Therefore, we reverse the decision of the circuit court and remand for further proceedings, including trial.

On January 6, 1989, Brian W. Turner and Gregory Paetzold, high school students, made plans to purchase beer, pick up their girlfriends, and travel to Turner's home in West Liberty, West Virginia, to drink the beer. Turner was driving his mother's car when Turner, Paetzold, and fellow student Kenny Moran picked up their friends, Kari L. McAfee and Kimberly Sue Gwennap. The five drove to Poppa K's Carry Out (Poppa K's), took up a collection from the occupants of the car, and purchased a case of beer. Moran was then dropped off at a skating rink while the others proceeded to Turner's house, presumably to drink the beer. Later that night, at approximately 10:30 or 11:00 p.m., the four individuals left the Turner home and picked up William Sorsby. Sorsby directed Turner to stop at two locations; even though there is conflicting evidence in the record, the stops were possibly made in an effort to obtain marijuana.

At approximately 11:30 p.m., on a dark road in Pennsylvania, the car ran off the highway, crossed a ditch, and collided with two large sycamore trees. Sorsby and Turner received fatal injuries and were pronounced dead at the scene. McAfee and Paetzold were injured but survived.[1]

On March 20, 1989, McAfee filed a complaint against the estate of Brian Turner. On April 7, 1989, Sorsby instituted an action against the estate of Brian Turner, the city of Wheeling, and Poppa K's. On September 15, 1989, Paetzold filed a complaint against the estate of Brian Turner, the estate of William Sorsby, and Poppa K's. Sorsby answered the complaint on October 11, 1989, but failed to assert a counterclaim against Paetzold. Thereafter, on November 16, 1989, McAfee filed an amended complaint asserting claims against Turner, Poppa K's, and the estate of William Sorsby. On November 27, 1989, Sorsby filed an answer to the amended complaint, denying the allegations and failing once again to assert a counterclaim.

On January 17, 1990, the circuit court entered an order which consolidated the actions and provided:

> ORDERED that this Civil Action [No. 89–C–201W styled Kari L. McAfee, et al., Plaintiffs, vs. Olive L. Turner, et al., Defendants] be and the same is hereby consolidated with Civil Action No. 89–C–255W, styled "Sally Sorsby, Administratrix of the Estate of William Frederick Sorsby, Plaintiff, vs. Olive L. Turner, et al., Defendants", with Civil Action No. 89–C–664Ts, styled "D. Greig Paetzold, et al., Plaintiffs, vs. Olive L. Turner, et al., Defendants", and with Civil Action No. 89–C–749W styled "Kimberly S. Gwennap, et al., Plaintiffs, vs. Olive L. Turner, Defendant" for all purposes except for trial.

On June 27, 1990, several months after the consolidation order was entered by the court, Sorsby moved to amend her complaint to add two defendants, McAfee and Paetzold. The amended complaint was answered by McAfee and Paetzold.

McAfee thereafter filed a motion for summary judgment. Then, on December 14, 1994, McAfee finally filed a motion to dismiss Sorsby's amended complaint, citing Sorsby's failure to assert her claim against McAfee as a counterclaim. The court granted the motion to dismiss on December 24, 1994, stating:

1. Gwennap is not involved in this appeal, so her condition was not reported.

[T]he Court finds that Plaintiff Sorsby's claim against Defendant McAfee as stated in the Sorsby Amended Complaint was a compulsory counterclaim pursuant to Rule 13 of the West Virginia Rules of Civil Procedure. As the claim was not stated as a counterclaim in the pleading filed by Defendant Sorsby in response to Plaintiff McAfee's Amended Complaint, it is hereby dismissed.

Sorsby filed a motion for reconsideration or for relief from judgment.

On January 25, 1995, Paetzold filed a motion to dismiss "due to Plaintiff's failure to assert her claim ... as a compulsory Counterclaim...." The lower court found "that Sorsby's claim against McAfee–Paetzold is a claim that should have been pleaded as a compulsory counterclaim in the McAfee–Paetzold action under Rule.13(a) of the West Virginia Rules of Civil Procedure." The court granted Paetzold's motion to dismiss and denied Sorsby's motion for reconsideration on April 18, 1995. The order was later vacated and reentered on January 17, 1996. It is from this order that Sorsby appeals.

On appeal, Sorsby contends the lower court erred in ruling that Sorsby was required, under Rule 13 of the West Virginia Rules of Civil Procedure, to assert a cause of action for wrongful death as a counterclaim, and that the failure so to do operated as a waiver and/or a bar. Sorsby makes this argument for two reasons. First, she contends Rule 13 does not require that her claim be asserted as a counterclaim. She believes this is so because her son was not present during the period of time on January 6, 1989 that the beer was bought and consumed; Sorsby states she is suing because of the events that occurred prior to her son joining the others that night. Second, Sorsby contends the failure to assert a counterclaim does not operate as a waiver or bar where the counterclaim issues are timely raised in an independent suit and consolidated with the prior suit. We believe the consolidation order which consolidated the actions "for all purposes except for trial" consolidated the pleadings, and, by so doing, allows Sorsby's case against McAfee and Paetzold to proceed to trial.

Absent the consolidation order, the essence of this appeal would be whether Sorsby, having failed to assert her claim against McAfee and Paetzold as a counterclaim, is now barred from asserting her claims in a separate and independent action. We begin by stating that, under Rule 13(a) of the West Virginia Rules of Civil Procedure,[2] we believe all the claims in this case arose from the same transaction or occurrence, that is, the January 1989 automobile accident. As a result, Sorsby would clearly be precluded from starting a new action to name McAfee and Paetzold as defendants if the lower court had not consolidated the pleadings by consolidating the cases for all purposes except trial.

In *Keller v. Keklikian*, 362 Mo. 919, 244 S.W.2d 1001 (1951), two automobiles driven by Keller and Keklikian collided. Keklikian filed an action against Keller, which Keller turned over to his insurance company. The parties filed a stipulation which stated the matter was settled. Keller then initiated an action against Keklikian. Keklikian argued Keller's claim arose out of the same transaction or occurrence and was, therefore, a compulsory counterclaim under Mo.Rev.Stat. § 509.420 (1949).[3] Keklikian argued that since Keller failed to assert the claim in the original action, Keller was estopped from later asserting it. The Supreme Court of

---

**2.** W.Va. R.Civ. P. 13(a) states:

(a) *Compulsory counterclaims.*—A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action,

or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

**3.** This section of the Missouri Revised Statutes, like Rule 13 of the West Virginia Rules of Civil Procedure, was substantially copied from Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Missouri stated, "Both claims, Keller's and Keklikian's, arose out of an automobile collision, and the collision was an 'occurrence' within the meaning of the statute." *Keller,* 362 Mo. at 927, 244 S.W.2d at 1005 (citation omitted).

■ We agree with the Supreme Court of Missouri that the claims arising out of a single automobile accident arise out of a common occurrence or transaction. Accordingly, if that were the end of the inquiry in the case at bar, Sorsby's attempt to proceed to trial against McAfee and Paetzold would fail. Sorsby's failure to assert claims against McAfee and Paetzold in the prior actions would constitute a waiver of such claims. *See Carper v. Kanawha Banking and Trust Co.,* 157 W.Va. 477, 515, 207 S.E.2d 897, 920 (1974) ("[f]ailure to assert a compulsory counterclaim is a waiver and abandonment of such a claim and an adverse decision to the putative claimant is *res judicata* "). But, we must now consider the effect of the court's consolidation order.

■ The West Virginia Rules of Civil Procedure were adopted in 1960, thus allowing litigants to avoid the harsh consequences of common law pleading; that is, being ambushed by rules which interfered with justice. The rules were adopted "to secure the just, speedy, and inexpensive determination of every action." W.Va. R. Civ. P. 1, in part. "[T]he rules are designed to expedite and simplify the determination of civil actions and to obviate the necessity of dismissing or reversing actions for mere technical defects or irregularities[.]" *Crusenberry v. Norfolk & Western Railway Co.,* 155 W.Va. 155, 161, 180 S.E.2d 219, 222–23 (1971), overruled on other grounds, *Talkington v. Barnhart,* 164 W.Va. 488, 264 S.E.2d 450 (1980). This Court has said, "[The rules] make clear our intent to avoid placing form over substance in the procedures of our courts." *Talkington,* 164 W.Va. at 493, 264 S.E.2d at 453 (1980) (footnotes omitted).

■ "All pleadings shall be so construed as to do substantial justice." W.Va. R. Civ.

P. 8(f). By adopting the Rules of Civil Procedure, this Court intended that all of these rules be construed liberally and fairly so as to seek justice for all of the parties involved. *See Dishman v. Jarrell,* 165 W.Va. 709, 271 S.E.2d 348 (1980). Accordingly, under Rule 13(f) of the West Virginia Rules of Civil Procedure, when justice requires, a party may set up a counterclaim by amendment.[4] The purpose of Rule 13 is to "prevent the fragmentation of litigation, multiplicity of actions and to conserve judicial resources." *Provident Life and Accident Insurance Co. v. U.S.,* 740 F.Supp. 492, 496 (E.D.Tenn.1990) (citations omitted).

■ We do not think that dismissing Sorsby's claim for failure to assert a counterclaim in light of the consolidation order is in keeping with the purpose or spirit under which the Rules of Civil Procedure were adopted. In fact, the dismissal would be directly contrary to such purposes.

Here, the lower court obviously intended that the actions which were filed in this case be consolidated for discovery, motions, pretrial hearings, conferences, and for *pleading purposes,* by stating the actions were consolidated "for all purposes except for trial." The fact that Sorsby amended her complaint rather than file a separate counterclaim is of no consequence. By consolidating the actions, the court brought all open issues together for consideration and determination.

In *Speed Products Co. v. Tinnerman Products,* 222 F.2d 61 (2nd Cir.1955), Speed Products alleged a trademark infringement. Tinnerman alleged, by counterclaim, that its trademark was valid and had been infringed by Speed Products. Speed Products subsequently filed a second action, which the court consolidated with the first action for trial purposes. Tinnerman argued the second action was barred by Rule 13. The court discussed the effect of this consolidation, by stating "[f]rom a practical viewpoint it made no difference whether the claim should be stated by an amendment in the first action or by complaint in a second action: by consoli-

---

4. W.Va. R. Civ. P. 13(f) states:

  (f) *Omitted counterclaim.*—When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment.

dation of the two actions for trial all open issues in both actions were brought on for trial together." *Id.* at 68.

Similarly, in *Miller v. Baird,* 239 F.Supp. 754 (E.D.Tenn.1965), the parties were involved in a motor vehicle collision. The defendant sued in federal court. The plaintiff initiated a claim in state court. The state court action was timely removed to federal court and the defendant based a motion to dismiss, in part, on Rule 13. The court held that Rule 13 did not act as a bar, stating:

The established rule is that where an action is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. Kline v. Burke Construction Co. (1922), 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; *O'Donnell v. Richardson–Allen Corp.* (1964), D.C.N.Y., 34 F.R.D. 214; also *Red Top Trucking Corp. v. Seaboard Freight Lines* (1940), D.C.N.Y., 35 F.Supp. 740, wherein a factual situation similar to the present status of Actions Nos. 688 and 724, was considered. Thus the plaintiff Miller, in No. 724, had a right to bring his cause of action in the state court subsequent to the action brought by Mr. Baird in this court in No. 688; and Mr. Miller is not barred from prosecuting his suit through the operation of Rule 13(a), supra.

However, now that Mr. Miller's state action has been properly removed to this court, in which Mr. Baird's action is pending, and since the claims of each party grow out of the same automobile collision, the two causes will be consolidated for trial, and Mr. Miller's claim will be treated as a counterclaim and crossclaim under the provisions of Rule 13(a) and (g), supra.

*Id.,* 239 F.Supp. at 756. The consolidation order brought the separate actions together for trial purposes.

The actions in the case at bar were consolidated by the lower court, thus eliminating the necessity for Sorsby to answer McAfee's and Paetzold's complaints with compulsory counterclaims. The court's consolidation order brought all the pleadings together in one action. Therefore, we hold that when the claims set forth in a complaint are the same as those which might be set forth in a man-

datory counterclaim, and the circuit court consolidates the actions for pleading purposes, the mandatory counterclaim is not barred by the failure to assert the claims in an answer to the complaint. We cannot conceive how the ends of justice would be served by requiring the appellant to use the exact language that is already included in her complaint and, by so doing, create a second document called a counterclaim. This would be a mindless recitation of the same language and the law should not require such a useless act. The failure to file the second duplicative document should not bar a trial on the merits.

The judgment of the Circuit Court of Ohio County is reversed and this action is remanded for further proceedings, including trial.

Reversed and remanded.

McHUGH, Justice, concurring:

(Filed Dec. 17, 1997)

Although I agree with the majority that the circuit court in this case should not have dismissed Sorsby's amended complaints against McAfee and Paetzold, I believe that the applicable legal principles and procedural rules have been obscured in the majority's opinion. I write separately, therefore, in an effort to clarify what I believe to be the principles underlying the result reached by the majority.

#### A.

As the facts reveal, Sorsby's original complaint, which was filed against various defendants, failed to include as defendants McAfee and Paetzold. McAfee and Paetzold subsequently filed complaints against Sorsby, among others, who answered the complaints and, instead of asserting counterclaims against these parties, moved to amend her complaint to add them as defendants. In the meantime, the actions already instituted by Sorsby against various other defendants, but not McAfee and Paetzold, and by McAfee and Paetzold against various defendants including Sorsby, were consolidated by court order.

As the majority held, the parties herein were involved in a single car accident and all

claims arising therefrom "arise out of a common occurrence or transaction." Thus, under *W. Va. R. Civ. P.* 13(a), Sorsby's claims against McAfee and Paetzold were *compulsory* counterclaims and, accordingly, should have been asserted by Sorsby by counterclaim. Rule 13(a) provides:

(a) *Compulsory counterclaims.*—A *pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim* and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of the another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

(emphasis added).

The purpose of Rule 13(a) is "to prevent the fragmentation of litigation, multiplicity of actions and to conserve judicial resources." *Provident Life and Accident Ins. Co. v. United States,* 740 F.Supp. 492, 496 (E.D.Tenn.1990) (*citing, e.g., Sue & Sam Mfg. Co. v. B–L–S Const. Co.,* 538 F.2d 1048, 1051 (4th Cir.1976)).

Ordinarily, a party who fails to assert a compulsory counterclaim may do so, under certain circumstances, by amendment, under *W. Va. R. Civ. P.* 13(f), which provides: "(f) *Omitted counterclaim.*—When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

As indicated above, however, Sorsby did not seek to amend her answers in order to assert counterclaims against McAfee and Paetzold. Rather, she sought to add these parties as defendants by way of an amended complaint, pursuant to *W. Va. R. Civ. P.* 15(a).[1] It was these amended complaints which were dismissed by the circuit court.

### B.

It is well-established that a failure to plead a compulsory counterclaim precludes a party from bringing a later independent action on that claim. 6 Charles A. Wright et al., *Federal Practice and Procedure,* § 1417 p. 129 (2d ed.1990). This principle is based upon the former adjudication doctrines of "merger," "bar," and "res judicata." *Id.* at p. 131. *See Id.* ( "[i]f defendant loses in the first action, the judgment serves as a bar to any subsequent suit he may bring on claims arising from the cause of action that was before the court."); *Carper v. Kanawha Banking & Trust Co.,* 157 W.Va. 477, 515, 207 S.E.2d 897, 920 (1974) ("[f]ailure to assert a compulsory counterclaim is a waiver and abandonment of such a claim and an adverse decision to the putative claimant is *res judicata.*"). We note, however, that in the present case, the above-mentioned prior adjudication doctrines were not implicated, as Sorsby sought to add McAfee and Paetzold as defendants while the actions against her were still *pending* and at a time when no final judgments had yet been rendered.

In any event, what is significant in this case, as the majority has pointed out, is that the various actions instituted by Sorsby, McAfee and Paetzold were consolidated by court order for all purposes except for trial. I agree with the majority that dismissal of Sorsby's claims against McAfee and Paetzold would fail to serve the purposes of Rule 13(a)—to prevent fragmentation of litigation, multiplicity of actions and to conserve judicial resources—as these interests have been sat-

---

1. *W.Va.R.Civ.P.* 15(a) provides:

(a) *Amendments.*—A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

isfied by consolidation of the actions. *Jack LaLanne Fitness Centers, Inc. v. Jimlar, Inc.*, 884 F.Supp. 162, 164 (D.N.J.1995); *Provident Life and Accident*, 740 F.Supp. at 496. Indeed, several courts "have determined that consolidation obviates the concerns of Rule 13(a), thereby making dismissal inappropriate." *Jack LaLanne Fitness Centers*, 884 F.Supp. at 164 (*citing Branch v. Federal Deposit Insurance Corporation*, 825 F.Supp. 384, 401 (D.Mass.1993); *Provident Life and Accident*, 740 F.Supp. at 496). *See Parker Rust Proof Co. v. Detrex Corp.*, 14 F.R.D. 173, 174 (E.D.Mich.1953) (where subject matter of second action belonged as counterclaim in first action, complaint and amended complaint in second action "considered as setting out a counterclaim.")

Based upon the above, I would hold that when two or more civil actions have been consolidated, a claim which should have been asserted as a compulsory counterclaim in one or more of the answers in the actions consolidated but is, instead, alleged in the complaint or amended complaint in another of the actions consolidated, should not be dismissed under *W. Va. R. Civ. P.* 13(a), as the purposes of that rule are satisfied by consolidation of the actions.

I am authorized to state that Chief Justice WORKMAN joins in this concurring opinion.